C. F. MEWIS, PLAINTIFF IN ERROR, v. JOHNSON HAR-
VESTER COMPANY, DEFENDANT IN ERROR.

1. **Practice in Supreme Court:** BILL OF EXCEPTIONS. A
motion to strike a petition in error from the files on the ground
that what purports to be a bill of exceptions cannot be so consid-
ered, will not be entertained. This objection must be taken either
by a motion to quash the exceptions, or on the final hearing.

2. BILL OF EXCEPTIONS. In vacation a judge has no authority to
allow a bill of exceptions. And if the record disclose that it was
so allowed, it will not be considered.

ERROR from the district court of Cuming county.

*Crawford & McLaughlin* and *E. P. Weatherby,* for
plaintiff in error.

*R. F. Stevenson* and *E. K. Valentine,* for defendant
in error.

LAKE, CH. J.

The question first presented for our consideration
relates to the bill of exceptions, and is decisive of the case.

I.　The record discloses the fact, that on the 21st day
of January, 1876, on the overruling of the motion for a
new trial, the defendant below asked and obtained leave
to prepare his bill of exceptions for allowance in vacation,
and have it filed as of that term. Thirty days were
given; but the bill was not actually allowed and filed
until the 11th day of March, nearly a month after the
time fixed by the court for it to be done, and during
vacation.

A motion has been made to strike the petition in error
from the files, for the reason that said bill of exceptions
was allowed and filed in vacation. This motion must be
denied. The fact, that what purports to be a bill of

exceptions cannot be so considered, or shows no error calling for a reversal of the judgment, is no ground for striking the petition in error from the files.   The office of a bill of exceptions is to bring into the record of a case those material matters which otherwise would not appear.   It is not unfrequently the case, however, that very grave errors are shown, independently of the bill of exceptions.   The correct practice undoubtedly is, either to raise this question by a motion to quash the bill of exceptions, or, on the final trial, by a suggestion to the court that it was not allowed within the time limited by the statute, and, therefore, not properly a part of the record of the case.

But while we cannot strike the petition from the files, the undisputed fact, that the bill of exceptions was allowed and filed in vacation, compels us to disregard it entirely in the consideration of the alleged errors.   The code of civil procedure, section 308, would seem to be decisive of the matter.   It provides, that "time may be given to reduce the exceptions to writing, but not beyond the term."

If authorities were needed to show that a bill of exceptions allowed by a judge in vacation constitutes no part of the record of a case, they are found in the rulings of the supreme court of Ohio, the state from whence our code was borrowed.   *Doe ex dem. Irvine v. Brown*, 6 Ohio State., 12.

II.   Referring to the petition in error, we find but a single objection to the proceedings below which did not originate on the trial.   This is, that the facts stated in the petition were not sufficient to constitute a cause of action; and this is the only one of the alleged errors that we can consider.

This petition, however, we find to be in the usual form followed in an action on a promissory note, and undoubt-

edly states a good cause of action.  It contains all, and even more than is really necessary, under the rules of pleading given in the code.

This objection, therefore, must be overruled, and the judgment of the district court affirmed.

JUDGMENT AFFIRMED.