THE STATE OF NEBRASKA, EX REL. WILLIAM ODIEN, V. A. J. WEAVER.

Practice: BILL OF EXCEPTIONS. At the September term, 1880, of the district court for Richardson county, and on the 18th day of September, the case of Hosford & Gagnon v. William Odien, was given to the jury under exceptions on the part of the defendant, to the admission of certain testimony, as well as to the giving and denying certain instructions.   The verdict and judgment were for the plaintiff.   Upon application, the court granted defendant forty days from that day in which to prepare his bill of exceptions.   On said day court adjourned to December 6th, of said year, on which last named day court met pursuant to adjournment, remained in session daily until the 10th, when it adjourned *sine die*.   On the 22d of December the bill of exceptions was presented to the judge, who refused to sign the same, solely on the ground that the same was not presented in time.   Upon application for mandamus to the judge requiring him to sign the said bill and demurrer to the said relation, *Held*, that a peremptory mandamus must be awarded.

ORIGINAL application for mandamus.

*George P. Uhl,* for relator.

No appearance for respondent.

COBB, J.

It appears from the relation in this case that at the September, 1880, term of the district court, in and for Richardson. county, there was pending an action in which the relator was defendant, which said cause. was tried to a jury; that upon said trial several exceptions were taken by said defendant, relator in this action, to the ruling of the court on many points relating to the admission of testimony, the giving and denying of instructions to the jury, and the overruling of a motion for a new trial; that the jury in said cause having brought in a verdict against the said defendant, relator herein, and he having filed a motion for a new trial, the same was overruled and final judgment entered in the said cause on the 18th day of September, 1880, whereupon the said defendant, relator herein, applied for an extension of time under the statute, in which to prepare and present to the judge of said court a bill of exceptions in said cause, and thereupon the court granted forty days accordingly.

It further appears that on said 18th day of September the said September term of said court was adjourned to the 6th day of December following, upon which last named day the court resumed its session in and for said county as of the said September term, and finally adjourned the said regular term on the 10th day of said month. And it further appears that on the 22d day of said month of December, the said defendant, relator, presented a bill of exceptions in said cause to the defendant, the presiding judge of said district court, and the judge who tried the cause, who refused to sign

it solely on the ground that it was not presented within the forty days from the 18th day of September, the date of the order granting the extension of time, and the day of the adjournment over.

The law, as it formerly stood, provided that, "The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing but not beyond the term." Gen. Stat., 577. Thus the law stood when the case of *Mewis v. Johnson Harvester Company* was decided by this court. 5 Neb., 217. In which case it was held that, "In vacation a judge has no authority to allow a bill of exceptions; and if the record disclose that it was so allowed it will not be considered."

By this decision the defect in the law was sharply presented to the bar and the legislature, and at the next session of the latter body the law was amended as it now stands. Obviously the intent of the legislature was to enlarge and not to restrict the time in which a party could prepare and present his bill of exceptions for allowance. By the old law the losing party was allowed the whole of the term in which to prepare and present his bill of exceptions. The amended law reads as follows: "The party excepting must reduce his exceptions to writing within fifteen days, or in such time as the court may direct, not exceeding forty days from the rising of the court," etc. Laws 1877, 11. This language, "the rising of the court," must be deemed to be equivalent to final adjournment or "the last day of the term." *Mechanics Bank of Alexandria v. Withers,* 6 Wheat., 106. I think that it was the intention of the legislature to give the losing party some time after the close of the term, and the completion of the active duties of judge and attorneys in court for that term, in which to reduce his objections to writing, etc. Fifteen days was deemed

sufficient time for such purpose in ordinary cases.  But to meet cases of extraordinary magnitude or intricacy, and cases where the same attorney might have an unusual number of cases to prepare at the same time, the court was given a discretion to enlarge the time not to exceed forty days.

It is not necessary to examine the question whether the order of the court in this case extending the time for preparing and presenting the bill of exceptions could be so construed, taken in connection with the provisions of the statute, as to make the forty days time commence to run from the day of final adjournment, December 10th, or not; but certain it is that such order cannot be so construed as to cut off any portion of the fifteen days from that day given by statute.

As it appears by the relation, which stands admitted by the demurrer, that the bill of exceptions was presented less than fifteen days from the rising of the court, the writ must be allowed.

Since the above opinion was written the court has been officially advised that the respondent has, since the submission of the cause, signed the said bill of exceptions, consequently no writ will go out.

JUDGMENT ACCORDINGLY.