CHARLES A. CARLSON, APPELLEE, V. ANDREW BECK-MAN ET AL., APPELLANTS.

[FILED OCTOBER 11, 1892.]

1. **Bill of Exceptions**: SETTLEMENT IN CASES TRIED BEFORE REFEREE. It is the duty of a referee to settle and sign the bill of exceptions in a case tried before him. Neither the district judge nor the clerk of the district court has any authority to. sign a bill of exceptions in such a case.

2. ————: MOTION TO QUASH: PRACTICE. A motion to dismiss an appeal will not be sustained on the ground that the bill of exceptions attached to the transcript filed in this court was not properly signed. Objections to a bill of exceptions must be raised by motion to quash.

3. **Accounting**: DEMAND: COSTS. In an action for an ac· inting, by a principal against his agent, the defendant in his answer denied that he was indebted to plaintiff, or that he had any moneys or property belonging to him, and averred that he had accounted for all matters in controversy prior to the bringing of the suit, and also contested the case all through the trial upon the theory that nothing was due from him. It was *held*, that the plaintiff was not required to prove a demand for an accounting prior to instituting the suit, in order to entitle him to recover costs.

4. ————: COSTS. That the judgment against the defendant in such an action is less than $200 will not alone prevent the plaintiff from recovering his costs, since a justice of the peace has no ju-.risdiction of that kind of a case.

APPEAL from the district court for Burt county. Heard below before CLARKSON, J.

Carlson v. Beckman.

*Sears & Thomas,* for appellants.

*H. H. Bowes, contra.*

NORVAL, J.

This action was brought in the court below by appellee against appellants for an accounting. The cause was referred to Robert B. Daley, Esq., to take the testimony and report the same to the court with his findings of fact and conclusion of law thereon. The referee found that appellants were indebted to appellee in the sum of $440.10. On the coming in of the report the appellee filed a motion to confirm the same, and exceptions to the report were filed by the appellants. The district court sustained the exceptions as to certain findings of the referee, and modified the report by reducing the amount due from appellants to $189, and judgment was rendered in favor of the appellee for said sum and costs. Appellants filed a motion to tax the costs to appellee, which was overruled by the court, and an exception was taken to the ruling.

The appellee moves to dismiss the appeal because the bill of exceptions was not settled and allowed by the referee, who heard the cause. An inspection of the record shows that the bill of exceptions was never signed by the referee, but was settled by both the district judge and the clerk of the district court. It has been frequently held by this court that in a case tried before a referee the bill of exceptions should be signed by him and not by the judge. Neither the judge nor clerk had any authority to settle the bill. (*Light v. Kennard,* 10 Neb., 330; *Turner v. Turner,* 12 Id., 161, *State, ex rel. Dunterman, v. Gaslin,* 30 Id., 651.)

The objection urged against the bill of exceptions should have been raised by motion to quash and not by motion to dismiss the appeal. The failure of the referee to sign the bill is not sufficient ground for dismissing the appeal.

As was said by LAKE, Ch. J., in *Hollenbeck v. Tarkinson*, 14 Neb., 430: "Although a bill of exceptions may possibly embody all the grounds on which a reversal of the judgment is sought, and but for which there would necessarily be an affirmance, still we regard it as the better practice, when it is desired to raise the question of its validity, to do so by a motion to quash. By pursuing this course we are relieved of the duty of examining the record to ascertain whether it may not present, as records not infrequently do, other questions for consideration than those depending on the bill of exceptions." (*Mewis v. Johnson Harvester Co.*, 5 Neb., 217; *Baldwin v. Foss*, 14 Id., 455.) The motion to dismiss is overruled.

While we could have entirely disregarded the bill of exceptions because the same was not settled by the referee, so as to make it a part of the record in the case, we have examined the testimony contained in the bill, for the purpose of ascertaining whether it sustains the judgment. While the evidence relating to some of the items involved in the accounting is conflicting, that introduced by the appellee, we are convinced, is ample to support the findings of the referee as modified by the court below.

The only question yet remaining to be considered by us is, Who should pay the costs of the action? Appellants insist that they should not, for two reasons: First, no demand was made by appellee for an accounting before he instituted the suit; second, the amount of the recovery is less than $200. The rule is that an agent ordinarily will not be charged with the costs and expenses of a suit brought by the principal for an accounting where no demand therefor has been made upon the agent before the bringing of the action. In this case appellee introduced evidence tending to show that appellants, prior to the bringing of the suit, were called upon for an accounting and settlement, and that the request was not complied with. Besides, appellants, in their amended answer, deny that they

were indebted to the appellee in any sum whatever, or that they have any money, notes, or property of any kind belonging to him, but aver that they have accounted to him at different times, for all the matters in controversy, just preceding the bringing of this suit. The record also shows that appellants contested the case all through the trial on the theory that nothing was due from them to appellee. Such being the condition of the answer, and the attitude of appellants on the trial, it was unnecessary to prove that a request for an accounting was made, for it is obvious if such a demand had been made, it would not have been complied with. The law does not require the performance of a useless act. Had the appellants desired to be relieved of the payment of costs, they should have shown a willingness by their pleading, and upon the trial, to render a full and complete account of their transactions with the appellee.

There is no merit in the second ground urged by appellants why they should not be charged with the costs of this case. The fact that the judgment was less than $200 is no valid reason why appellee should not recover his costs. This being an action for an accounting growing out of fiduciary relations, a justice of the peace had no jurisdiction of the case. The district courts alone have original jurisdiction of this kind of an action, therefore the party who shall pay the costs is not determined by the amount of the recovery. The judgment of the district court is

AFFIRMED.

THE other judges concur.