Hon. GEORGE B. LAKE, Chief Justice.
" AMASA COBB,        } Judges.
" SAMUEL MAXWELL,  } Judges.

PRENTIS D. CHENEY, EXECUTOR, APPELLANT, V. THEODORE L. COOPER ET AL., APPELLEES.

**Bill of exceptions.** A judgment was rendered in the district court on the 5th day of October, 1882, and the term closed on that day. On the 1st day of December, 1882, a bill of exceptions was submitted to the attorneys for the defendant in error, who made the following indorsement thereon: "Examined and found correct, Dec. 1, 1882," and signed the same and returned the bill to the plaintiff in error. On a motion being filed in the supreme court to quash the bill of exceptions, because not completed and signed within the time required by law, *Held*, That the defendants' attorneys, by not objecting to the bill on that ground, and certifying to the correctness of the same, had waived the objection.

MOTION to quash bill of exceptions.

*Appleget & Son,* for the motion.

*Mason & Whedon, contra.*

BY THE COURT.

A trial was had in this case at the October term, 1882, of the district court of Johnson county, and judgment rendered in favor of the defendants. On the 5th day of that month the court adjourned *sine die.* A bill of exceptions was prepared by the plaintiff's attorneys and submitted to the attorneys for the defendants, who made the following indorsement thereon: "Examined and found correct. Dec. 1, 1882," and signed the same and returned it to the plaintiff's attorneys. The bill was signed by the judge on the 4th day of December, 1882. The defendants' attorneys now move to quash the bill of exceptions, "because not completed and signed by the court within the time required by law." This motion is supported by an affidavit, in which it is stated that the bill was presented to the plaintiff's attorneys on the 1st day of December, 1882. There is no order in the record extending the time within which the bill of exceptions should be prepared and submitted to the adverse party. Nor does it appear that an order of that kind was made. The only question for determination therefore, is the effect of the indorsement on the bill by the defendants' attorneys. The statute authorizes the preparation and signing of a bill of exceptions after the close of the term at which the decision is rendered. It provides that a draft of the proposed bill shall be served upon the adverse party or his attorney within a certain specified time, and for the proposal of amendments to the bill by the adverse party. While, if insisted upon, the bill must be presented to the judge for his signature within the time required by law, yet this requirement may be waived, and when a bill containing a certificate from the adverse

Cheney v. Cooper.

party that it is correct, without any objection as to the time he received it, or that the period has elapsed within which the bill should have been prepared and submitted to him, is submitted to the judge for his signature, it is his duty to sign the same. A party must act in good faith. If he object to the bill for any reason other than it is inaccurate, he must rely upon such objections, and refuse to receive and retain the bill for examination. He cannot be permitted to say in effect, "I am satisfied with the bill as prepared," and afterwards move in this court to quash the same upon some ground that existed, and to which he made no objections at the time he indorsed his approval thereon. If a bill is presented to the adverse party out of time, the proper course is to refuse to receive it. The plaintiff in error will then be advised of the necessity of securing if possible an extension of time. The motion must be overruled.

MOTION OVERRULED.

SAME V. SAME.

1. **Usury.** A negotiable promissory note secured by mortgage, transferred to a *bona fide* purchaser without notice before due, and for value, is not subject to the defense of usury.

2. **Dismissal of action.** Where an action is dismissed by the court, without a hearing upon the merits, the order of dismissal will not be a bar to a future action.

3. **Limitation of actions.** An action upon a mortgage will not be barred until ten years from the time the cause of action accrued.

| | |
|---|---|
| 14 | 415 |
| 16 | 388 |
| 17 | 259 |
| 18 | 233 |
| 20 | 126 |
| 24 | 634 |
| 14 | 415 |
| 28 | 378 |
| 14 | 415 |
| 34 | 515 |
| 14 | 415 |
| 41 | 42 |
| 14 | 415 |
| 51 | 490 |
| 54 | 622 |
| 14 | 415 |
| 56 | 190 |
| 56 | 386 |

APPEAL from Johnson county. Tried below before WEAVER, J.

*Mason & Whedon* (*P. D. Cheney* with them), for appellant.