JOHN FLYNN ET AL., PLAINTIFFS IN ERROR, v. WILLIAM E. JORDAN ET AL., DEFENDANTS IN ERROR.

1. Practice in Supreme Court: QUASHING BILL OF EXCEPTIONS. A bill of exceptions not certified by the clerk of the trial court as being a part of the record in the said court, nor as being the original bill of exceptions in such case, and which appears never to have been filed by or presented for filing to the clerk of such court, will be quashed on motion.

2. Replevin: EVIDENCE. Where in an action of replevin the defendant claims to be the owner of the property or that the right to the possession thereof is in him, and prays a return of the property or a judgment for its value, proof by the plaintiff that defendant was in the possession of the property at the time of the commencement of the action, Held, To be unnecessary.

ERROR to the district court for Seward county. Tried below before NORVAL, J.

*Leese Brothers*, for plaintiffs in error.

*R. S. Norval*, for defendants in error.

COBB, CH. J.

This was an action of replevin brought by the defendants in error against the plaintiffs in error and one Daniel Doody for the possession of one brown mare of the value of eighty dollars. There was a trial to a jury, which found by their verdict "that at the commencement of this action the plaintiffs were the owners of the property described in the petition, and that the defendant, John Flynn, unlawfully detained the same; that the defendant, Doody, was not in the possession of the property when this action was commenced, and we do assess to the plaintiffs against the defendant, Flynn, damages at one cent."

Judgment having been rendered on the said verdict and a motion for a new trial overruled, the cause was brought to this court by the defendant, John Flynn.

In this court a motion was made by the defendants to quash the bill of exceptions, and the cause was submitted on said motion and generally.

The following are the grounds upon which the motion is founded:

"1. Because the said bill of exceptions was never filed in the district court of Seward county, nor was the same ever made a part of the record in said cause.

"2. Because the said bill of exceptions is not authenticated by the certificate and seal of the clerk of the district court of said county; that no certificate of the clerk of said district court is attached to said bill of exceptions or the transcript in said case, showing that it is the original bill of

exceptions, or that it is a copy of the original bill of exceptions.

" 3.   Because said bill of exceptions was never filed or offered to be filed with the clerk of the district court as the bill of exceptions in said cause.

" 4.   Because said bill of exceptions was not reduced to writing and presented to the defendants in error and allowed by the judge within the time allowed by law."

From a thorough inspection of the record as well as from the affidavit of George A. Merriam, clerk of the district court of Seward county, it fully appears that that part of the record in this case which purports to be a bill of exceptions was attached to the transcript of the record proper after the same left the office of the clerk of said district court, and never was either officially or in point of fact within the hands or custody of said clerk or within his office.

The statute, section 587a of the civil code, provides for the attaching of the original bill of exceptions to the transcript of proceedings, etc.   But the succeeding section, 587b, provides "that when the original bill or bills of exception, or testimony in equity cases, is so as aforesaid made a part of a transcript or record for the supreme court, the clerk shall state such fact in his certificate thereto and omit to certify that the same have been copied into such record or transcript."   The certificate of the clerk attached to the papers in the case at bar is no attempt at a compliance with the provisions of the above section, and while as a matter of fact the writer knows that the said paper purporting to be a bill of exceptions was signed by the judge of the district of which Seward county is a part, yet he owes such knowledge solely to the fact of his happening to be acquainted with that gentleman's handwriting.

The law-making power has gone to the very frontier of liberality—not to say of looseness—in allowing the use of

the original bills of exceptions in the supreme court, when properly certified up for that purpose, and I do not think that it would be safe for the court to dispense with their proper authentication. The motion to quash must therefore be sustained.

The points made in the petition in error must therefore be examined by reference to the record, without the aid of the bill of exceptions. Those are as follows :

1. The court erred in giving to the jury instruction No. 6.

2. The court erred in overruling the motion for a new trial.

3. The judgment was given for the plaintiffs below, when it should have been given for the defendant.

Instruction No. 6, above referred to, is in the following words:

"6. It is not necessary that the actual possession of the mare at the commencement of this action was in the defendants, or either of them; if the mare was in the constructive possession of the defendants or either of them at that time would be sufficient so far as that is concerned. If before this suit was commenced the mare was in plaintiff's stable, and while there and before this suit was commenced Flynn was asked to give up the possession of the mare, and he refused to do so, then the mare would, in law, be considered in the constructive possession of Flynn."

The bill of exceptions being out of consideration, this instruction must be examined only in the light of its own language, the pleadings, and the verdict, and if by such light and upon any reasonable state of facts it is consistent with the law, it must be sustained.

The petition alleges that the plaintiffs are the owners and entitled to the possession of the mare, describing her; that said defendants wrongfully detained said personal property from the possession of the plaintiffs, and have so wrongfully detained the same for the space of three days, to the damage of the plaintiffs in the sum of five dollars, etc.

The defendants by their answer denied the said petition, and each and every allegation therein contained. They ask for "a return of the property replevied in this action, or for the value thereof as provided by law, and costs."

I think that this answer, taken altogether, must be held to amount to a claim of ownership in, or at least to, the right of the possession of the property; otherwise, a claim of its return or for a judgment for its value would be utterly inconsistent. Wells, in his work on Replevin, cited by counsel for defendant in error, speaking of waiver of demand by defendant, says: "Where the defendant sets up a claim of ownership and demands a return of the goods, this claim is inconsistent with any hypothesis that he would surrender them on demand, and will obviate the necessity of proving demand," citing cases; and continues: "And the rule may be stated as general, that when the defendant contests the case all through the trial on a claim of superior right to the property, he cannot afterwards set up a want of demand as a reason for his failure to surrender. When he desires to rely on a want of demand he should show a willingness to deliver the goods upon a proper one, and that none had been made."

The above reasoning applies to the case at bar. The ownership of the property being the issue on trial, it would be inconsistent for the defendants, after demanding a judgment for its return, or for its value, to predicate a defense upon their want of possession of the property at the time of the commencement of the suit.

That part of the instruction which refers to the mare being in the plaintiff's stable before the suit was commenced, is scarcely intelligible without, or even with, the bill of exceptions, and yet I do not think it could have misled the jury from the sole point for their consideration, to-wit, the right to the possession and ownership of the mare.

While it is doubtless the law, that possession of the prop-

erty by the defendant is an essential part of the cause of action in replevin, yet such possession may be constructive only. And I am unable to say that such possession of the mare, either actual or constructive, could not have been held by the defendants, or either of them, "in the plaintiff's stable."

I am unable to say that the district court erred in giving the instruction complained of. Nor, without the bill exceptions, can I say that the court erred either in overruling the motion for a new trial or in rendering judgment for the plaintiffs instead of the defendants.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.