PATRICK HOGAN, PLAINTIFF IN ERROR, V. PATRICK O'NIEL, DEFENDANT IN ERROR.

1. **Bill of Exceptions.** Where the original bill of exceptions in a cause tried in the district court is intended to be used in the supreme court, the clerk of the district court must attach his certificate to the same that it is the original bill. *Aultman v. Patterson,* 14 Neb., 57.

2. ————: PRACTICE. The objection to such bill may be taken either by motion to quash the exceptions or on the final hearing. *Mewis v. Johnson,* 5 Neb., 217.

ERROR to the district court for Dakota county. Tried below before BARNES, J.

*Gantt & Norris,* for plaintiff in error.

*Isaac Powers, Jr.,* for defendant in error.

REESE, J.

The defendant in error insists that what purports to be the bill of exceptions in this case is not authenticated as required by law, and cannot therefore be received as such over his objection.

In *Mewis v. Johnson*, 5 Neb., 217, Chief Justice LAKE, in delivering the opinion of the court upon the question of practice in the supreme court, says: "The correct practice undoubtedly is either to raise this question (as to the sufficiency of the bill of exceptions) by a motion to quash the bill of exceptions, or, on the final trial, by a suggestion to the court that it was not allowed within the time limited by the statute (the question in that case), and therefore not properly a part of the record of the case."

In the case at bar an inspection of the record shows that the bill of exceptions was presented to the counsel for defendant in error, and also signed by the judge who heard the cause within the time required by law, but it nowhere appears that the bill of exceptions is the original bill of exceptions in the case. Section 587 of the civil code provides that, "where the original bill of exceptions, or testimony in equity cases, is so as aforesaid made a part of a transcript or record for the supreme court, the clerk shall state such fact in his certificate thereto, and omit to certify that the same have been copied into such record or transcript."

While the bill of exceptions attached to the transcript in this case purports to be the original, yet there is no certificate by the clerk that it is the original bill. The clerk's certificate to the transcript of the pleadings and proceedings contains the statement that the transcript is correct, "excepting the bill of exceptions, which is not made a part of this transcript." This leaves the bill of exceptions wholly unauthenticated.

This question was before the court in *Aultman v. Pat-*

State v. York County.

*terson,* 14 Neb., 57, in which it was held that the requirements of the statute could not be dispensed with.

It follows that the bill of exceptions attached to the transcript cannot be considered.

Upon the trial in the district court, the court, upon motion of the defendant in error, instructed the jury as follows: "Under the evidence and law in this case, the defendant is entitled to recover, and you will find a verdict accordingly." This was the only instruction given. No objection was made and no exceptions taken to the same. The motion for a new trial, filed in the district court, presents no questions other than alleged errors occurring upon the trial, and no question is presented which can be considered without the aid of a bill of exceptions. It therefore follows that the judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.