WILLIAM J. YATES, PLAINTIFF IN ERROR, V. MARTIN E. KINNEY, DEFENDANT IN ERROR.

1.  Bill of Exceptions.   Objections to matters of form in a bill of exceptions, by which it is sought to quash the bill, must be made within a reasonable time after the bill is filed in the appellate court; and where not made for more than a year after the filing of the transcript, and after the case is set for trial and the plaintiff has prepared and printed his briefs on the main issue, such objections will be deemed to be waived.

2.  ———: SETTLEMENT.   Where an original bill of exceptions is sent by the clerk of a district court to the supreme court, it is his duty to certify the same; but this objection may be waived by the parties, and will be deemed to be waived where the bill is treated by the adverse party as perfect, either by affirmative acts or long acquiescence.

3.  Trial: INSTRUCTIONS TO JURY.   The act of 1875, relating to instructions to juries, requires all instructions to be in writing and filed with the clerk before being given to the jury, unless the writing is waived, etc.   Even if delivered orally, the statutes seem to require them to be reduced to writing and filed with the clerk before the case is finally submitted, in order that exceptions may be taken by either party, if desired, and that the jury may have the benefit of such instructions in considering their verdict.

4.  ———: ORAL INSTRUCTIONS.   Where instructions were delivered orally and reduced to writing by the stenographic reporter, and inserted in the bill of exceptions, but not certified by the judge, Held, That a motion to strike them out of a bill would be sustained.

MOTION to quash and strike out part of bill of exceptions.

*J. P. Maule*, for the motion.

*O. P. Mason* and *C. E. Magoon, contra.*

MAXWELL, J.

This is a motion to quash the bill of exceptions in this case, for the following reasons:

"1st. At the time the attorney for the plaintiff in error presented the said bill of exceptions to the attorney of the defendant in error, there was not attached thereto the motion for an extension of time within which to submit the same; nor the affidavit in support of the motion, nor the order of the court granting said extension, and neither the defendant in error nor his attorney knew of said extension, and were not informed of the same; and they had no notice of the presentation of the bill to the judge for settlement and his signature, all of which appears by the record and the affidavit of Jno. P. Maule, hereto attached.

"2d. The bill was not presented to the judge, nor signed by him within the time required by law.

"3d. The judge being absent, the bill should have been settled by the clerk of the district court of Fillmore county.

"4th. The bill is not certified by the clerk of said court as being a copy of the original bill, neither is it certified as being the original bill—in fact there is no certificate in the record by the clerk about a bill of exceptions."

The transcript and bill of exceptions were filed in this court February 11, 1887, and this motion was filed on February 21, 1888, more than one year after the filing of the case. In a number of cases decided by this court, it has been held

that objections to a bill of exceptions must be made at the earliest opportunity, otherwise they will be waived. In this state, where all the oral proceedings in the district courts are taken down by short-hand reporters, and bills of exceptions prepared from such stenographic reports, the probabilities are that bills of exceptions thus prepared will be substantially correct. Indeed, in a majority of the cases brought into this court, but trifling amendments have been made to the bills thus prepared by such reporters. All presumptions, therefore, are in favor of a bill of exceptions duly signed by the judge. Where, however, a party intends to raise objections to some matter of form connected with the preparation of a bill, he should file his objection within a reasonable time, and before the adverse party has been permitted to incur the expense of preparing and printing a brief relating to the merits of the controversy. Good faith requires this, and that objections to the form of the bill not thus raised, shall be considered as waived. The objections to the preparation and signing of the bill, not having been made until more than a year from the date of filing the transcript in this court, and after the case was set down for hearing, and the plaintiff in error had prepared and printed his briefs, come too late and are therefore waived.

In a number of cases this court has held that, where the original bill of exceptions is used in the supreme court, it must be certified by the clerk of the district court. *Flynn v. Jordan*, 17 Neb., 520. *Hogan v. O'Niel*, 17 Id., 642. *Aultman v. Patterson*, 14 Id., 57. This provision, however, may be waived by the parties, either by acts that recognize the validity of the bill, or by great delay in raising the objections, and a delay of a year in raising the objections would seem to be such waiver. The objections, therefore, come too late, and must be overruled.

2d.   The defendant moves to strike out of the bill of exceptions the matter contained on pages 17, 18, and 19, the

same purporting to be the instructions of the court, for the following reasons:

"1st. There is no certificate of the reporter that the same are the instructions of the court.

"2d. There is no certificate of the judge that the same are the instructions of the court, and they are not ordered to be made a part of the record in this case."

The certificate of the judge is as follows:

" STATE OF NEBRASKA, ⎫
   FILLMORE COUNTY. ⎭

"I hereby certify that the above contains all the evidence and testimony offered or produced by either party to this action, together with the objections made to the introduction thereof, the rulings of the court thereon, and the exceptions thereto, and that the same is contained in foregoing printed pages, numbered from 1 to 29, inclusive, and on request of defendant same is directed to be made a part of the record herein; and I further certify same was received at my home during my absence, on Aug. 23 or 24, 1886.

"Sept. 6, 1886.        W. H. MORRIS, *Judge.*"

It will be observed that the instructions of the court are not referred to in this certificate. It appears from the bill of exceptions that, by consent of parties in open court, the jury were instructed orally, and the instructions were ordered to be made a part of the record. They are not certified, however, in the record, but what purports to be the instructions of the court are set out in the bill of exceptions.

Our statute in regard to instructions is as follows: "It shall be the duty of the judges of the several district courts, in all cases, both civil and criminal, to reduce their charge or instructions to the jury to writing, before giving the same to the jury, unless the so giving of the same is waived by the counsel in the case in open court, and so

entered in the record of said case; and either party may request instructions to the jury on points of law, which shall be given or refused by the court; all instructions asked shall be in writing.  If the court refuse a written instruction as demanded, but give the same with a modification, which the court may do, such modifications shall not be by interlineations or erasure, but shall be well defined, and shall follow some such characterizing words, 'changed thus,' which words shall themselves indicate that the same was refused as demanded.  The court must read over all the instructions which it intends to give, and none others, to the jury, and must announce them as given, and shall announce as refused, without reading to the jury, all of those which are refused, and must write the words, 'given' or 'refused,' as the case may be, on the margin of each instruction.  If the giving or refusal be excepted to, the same may be without any stated reason therefor, and all instructions given to the jury by the court on its own motion, must be plainly and legibly written in consecutive numbered paragraphs, and filed by the clerk *before being read to the jury* by the court; and such instructions shall be preserved as part of the record of the cause in which they were given.  No oral explanation of any instruction authorized by the preceding sections shall, in any case, be allowed, and any instruction or charge, or any portion of a charge or instructions given to the jury by the court, and not reduced to writing as aforesaid, or a neglect or refusal on the part of the court to perform any duty enjoined by the preceding sections, shall be error in the trial of the case, and sufficient cause for the reversal of the judgment rendered therein."  Sections 52, 53, 54, 55, and 56 of chapter 19 of Compiled Statutes.

The above sections are supposed to have been copied in substance from the following sections of the Iowa code:

"Sec. 2784.  When the argument is concluded, either party may request instructions to the jury on points of

Yates v. Kinney.

law, which shall be given or refused by the court. All instructions asked, and the charge of the court, shall be in writing.

"Sec. 2785. If the court refuse a written instruction as demanded, but gives the same with a modification, which the court may do, such modification shall not be by interlineation or erasure, but shall be well defined, and shall follow some such characterizing words as 'changed thus,' which words shall themselves indicate that the same was refused as demanded.

"Sec. 2786. The court must read over all the instructions which it intends to give, and none other, to the jury, and must announce them as given, and shall announce as refused, without reading to the jury, all those which are refused, and must write the words 'given' or 'refused,' as the case may be, on the margin of each instruction.

"Sec. 2786. If the giving or refusal be excepted to, the same may be without any stated reason therefor, and all instructions demanded must be filed, and shall become a part of the record.

" Sec. 2788. After argument the court may, also, of its own motion, charge the jury. Such charge shall be written in consecutively numbered paragraphs; and no oral explanation thereof shall be allowed. The provisions of this section shall also apply to the instructions asked by the parties.

" Sec. 2789. Either party may take and file exceptions to the charge or instructions given, or to the refusal to give any instructions offered within three days after the verdict, and may include the same in a motion for a new trial, but in either case the exceptions shall specify the part of the charge or instruction objected to and the ground of the objection."

It will be observed that under section 55 all instructions are to be "filed by the clerk *before* being read to the jury

by the court, and such instructions shall be preserved as part of the record of the cause." Our statute requiring instructions to be in writing was passed by the legislature in 1875. Prior to that time the practice of giving oral instructions was the rule, although either party had the right to require the judge to reduce his instructions to writing; and some of the judges, prior to that time, for greater certainty, almost invariably did instruct in writing. The statute, however, was passed to make the duty compulsory. There are many reasons for this, as written instructions, if prepared in distinct paragraphs, as required by the statute, will ordinarily state the law in regard to the questions presented in a more systematic and orderly manner than if delivered orally, and they will be less liable to error in the statement of the law. In addition to these considerations, the attorneys will have a better opportunity to examine the instructions and except to any proposition they may deem objectionable, or to ask additional instructions on any point they may desire. No doubt there are cases in which the questions involved are unimportant, where it is proper to waive the reducing of the instructions to writing, but such waiver should be made spontaneously by the attorneys in the case, and not at the request of the court. The intention of the statute being that all instructions be reduced to writing and filed with the clerk before being given to the jury, the filing would not seem to be waived by mere permission to give the instructions orally, as it is the duty of the stenographer to take down all oral proceedings in court and reduce the same to writing. Instructions given orally should be thus reduced to writing and filed with the clerk before the case is finally submitted to the jury, as, under our statutes, the jury have the right to take the instructions with them to the jury room. The instructions set out in the bill of exceptions in this case show the wisdom of the legislature in requiring all instructions to be in writing, and, in our view,

the practice should be generally observed. The motion to strike the alleged instructions out of the bill of exceptions is sustained.

ORDER ACCORDINGLY.

THE other judges concur.