HENRY WAX v. STATE OF NEBRASKA.

FILED DECEMBER 5, 1894.    No. 5409.

1. A bill of exceptions must be certified by the clerk of
the trial court, as being a part of the record in said court, or as
being the original bill of exceptions in the cause, in order that
the matters therein may be considered by this court.

2. In a prosecution for obtaining money under false pre-
tenses it is the duty of the jury, in case of a conviction, to find
the value of the money feloniously obtained; but a verdict of
guilty will not be set aside because it fixes the value of the
money at a few dollars more than is established by the evidence,
where the uncontradicted proofs show that the sum procured
from the complaining witness exceeded in value $35.

3. To authorize a conviction under an information charg-
ing the obtaining of money by false pretenses, the
defendant's false representations need not have been the sole
moving cause that induced the person defrauded to part with
his money, but it is sufficient if it appear that they were one of
the causes of inducement, and that he would not have done so
without them.

ERROR to the district court for Pierce county. Tried
below before ALLEN, J.

C. C. Jones, G. T. Kelley, and H. F. Barnhart, for
plaintiff in error.

W. S. Summers, Deputy and Acting Attorney General,
for the state.

NORVAL, C. J.

The plaintiff in error was tried and convicted in the
court below of obtaining the sum of $536 from the Pierce
State Bank under false pretenses, and was sentenced to the
penitentiary for the period of two years.

The first proposition discussed in the briefs is that the

verdict is contrary to the evidence adduced on the trial of the case.. This point we might well refuse to notice, since the same is not raised by the petition in error, although the sufficiency of the evidence to sustain a conviction was properly brought to the attention of the trial court by the motion for a new trial filed by the prisoner. True it is, that the overruling of the motion for a new trial is assigned for error in the petition in error, but this assignment is too indefinite to call for a review of the evidence, since such motion sets up fourteen separate and distinct grounds for the setting aside of the verdict, each of which, excepting three, being based either upon the giving and refusing of instructions or the decisions of the court upon the admission and exclusion of testimony. The rule applicable to this state of the record was announced by this court in *Wiseman v. Ziegler*, 41 Neb., 886, as follows: "An assignment of error for the denial of a motion for a new trial is bad if it fails to specify to which of the several points made by the motion the assignment applies." Again, there is another reason why we might properly decline to consider the evidence, and that is it is not before us in an authenticated bill of exceptions. Attached to the transcript of the proceedings in the district court is what purports to be a bill of exceptions containing the testimony taken on the trial of the cause, but the bill is not authenticated by the certificate of the clerk of the district court showing that it is either the original bill of exceptions which was settled and allowed in the case, or a copy thereof. Such a certificate is indispensably necessary. (*Aultman v. Patterson*, 14 Neb., 57; *Hogan v. O'Niel*, 17 Neb., 641; *Flynn v. Jordan*, 17 Neb., 518.)

No objection having been made to the bill of exceptions,. by motion to quash, or otherwise, we have concluded to consider the testimony therein contained to see whether it supports the verdict. It appears that on the 23d day of March, 1891, the plaintiff in error borrowed from the

Pierce State Bank the sum of $536, and secured the payment thereof by executing a chattel mortgage upon a number of horses, cows, and other personal property. The chattel mortgage, immediately following the description of the property therein given, contains this statement: "The above described chattels are now in my possession and owned by me, and free from all incumbrances in all respects." It was proved by at least four witnesses called by the state that the plaintiff in error, at and prior to the obtaining of the loan in question, stated to C. A. Reimers and W. A. Spencer, the president and cashier, respectively, of the Pierce State Bank, that he owned the property which he pointed out to them and which was subsequently described in the mortgage. The officers of the bank heretofore mentioned each testified that the above representations as to the ownership of the property were relied upon in making the loan, and that the bank was thereby induced to part with the money. It is established by uncontradicted testimony introduced by the state, as well as by the admission of the accused when upon the witness stand, that a large portion of the property mentioned in the chattel mortgage at the time the same was executed did not belong to the plaintiff in error, but was owned by his brother, Charles Wax. This evidence was ample to sustain the averments of the information, and that the representations were made knowingly for the purpose of cheating and defrauding the bank of its money. It should be stated that there was introduced testimony tending to show that Charles Wax was present at the time the loan was made and the mortgage was given, assisted his brother in describing some of the property, and that it was the understanding that Charles Wax was to sign the mortgage with his brother, but he did not do so. This evidence, as well as the right or authority of the plaintiff in error to mortgage the property of his brother Charles, was fairly submitted to the jury by the sixth paragraph of the instructions given by the court upon

its own motion.   We cannot disturb the verdict as being unsupported by the evidence.

Complaint is made that the court erred in giving the seventh paragraph of its charge to the jury.   This assignment must be disregarded, inasmuch as no exception was taken to the instruction when given. (*Barr v. City of Omaha,* 42 Neb., 341.)

The next assignment is that the court erred in refusing to give instructions Nos. 1, 2, 3, 5, 8, 9, 10, and 11, asked by the defendant.   This assignment is insufficient to present for review each of the instructions therein mentioned.   The refusal to give the prisoner's third request to charge was not excepted to at the time, hence it cannot be considered. The fifth and eighth requests refused were fully covered by the instruction given by the court upon its own motion, therefore error cannot be predicated upon the refusal to give them. (*Oliver v. State,* 11 Neb., 1 ;  *Binfield v. State,* 15 Neb., 484;  *Bradshaw v. State,* 17 Neb., 147 ;  *Marion v. State,* 16 Neb., 349.)   The assignment of error based upon the refusal of the instructions, not being well taken as to several of the requests to charge, under the repeated decisions of this court, must* be overruled as to all.

It is urged that the evidence fails to show that the amount of the money obtained by the plaintiff in error from the bank was $536, the sum fixed by the verdict.   The amount of the loan negotiated, as well as the amount of the note given therefor, was $536.   From this sum, the undisputed evidence discloses, the bank deducted and retained $32 as usurious interest on the money.   The exact sum obtained by the plaintiff in error was $504.   He was not, however, prejudiced by the fact that the value fixed by the jury in their verdict was $32 too much, for the reason that had they found the amount of money actually obtained was what the evidence shows it to have been, $504, it would not have reduced the offense to the grade of a misdemeanor. Where the value of the money or property obtained by

false pretenses is $35 or over, the statute makes the crime a felony, punishable by imprisonment in the penitentiary. (Criminal Code, sec. 125.)

It is finally insisted that the court below erred in refusing to permit the plaintiff in error to prove that the bank would not have made the loan and parted with the money, had it not been for the agreement to pay the $32 as illegal interest. Had the excluded testimony been admitted it would not have been a defense to the charge against the prisoner. To render him guilty, his false representations as to his ownership of the property offered as security for the loan need not have been the only moving cause that induced the bank to pay over the money. In 2 Wharton, Criminal Law, sec. 1176, the rule is stated thus: "But it is not necessary to a conviction that the false pretense alleged should have been the sole inducement by which the property in question is parted with, if it had a preponderating influence sufficient to turn the scale, although other considerations operated upon the mind of the party. And this is true even though the prosecutor would not have surrendered the goods solely on the pretense alleged. To require that the belief should be the exclusive motive would exclude conviction in any case; for in no case is any motive exclusive." The doctrine of the text is fully sustained by the authorities cited in the note to the section. (See, also, 2 Bishop, Criminal Law, sec. 461.) There is no reversible error in the record and the judgment is

AFFIRMED.