FIRST NATIONAL BANK OF GREENWOOD V. CASS COUNTY ET AL.

FILED FEBRUARY 18, 1896. No. 6148.

Review Without Bill of Exceptions. Where the bill of exceptions purporting to contain the evidence in a case is not authenticated by the certificate of the clerk of the trial court, it is not properly before this court and will not be examined, and assignments of error depending upon matters of evidence cannot be decided.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J.

*Marquett, Deweese & Hall,* for plaintiff in error.

*Byron Clark* and *H. D. Travis, contra.*

HARRISON, J.

This is an action by Cass county and its county treasurer against the plaintiff in error, hereinafter called "the bank," to recover the sum of $551.79, alleged to be due as interest on county

funds on deposit with the bank under the provisions of the act of the legislature of 1891 entitled "An act to provide for the depositing of state and county funds in banks." (Session Laws, 1891, p. 347, ch. 50.) The petition stated the corporate character of the county and also of the bank; that Louis C. Eickoff was the duly elected, qualified, and acting county treasurer of the county, and collected and had the custody and control of the moneys and funds of the county. The proposition, and its terms, of the bank to the county for the reception of county funds on deposit, its acceptance, the presentment and approval of the bond as required by the law, and the deposit by the treasurer of the funds of Cass county in the First National Bank of Greenwood in accordance with the terms of the contract, were pleaded, also the failure and refusal of the bank to pay the interest agreed upon, in the sum of $551.79. The bank filed an answer as follows: "Now come the defendants and for answer to plaintiffs' petition deny that they owe the plaintiffs $551.79, interest on the county funds deposited with the First National Bank of Greenwood by the county treasurer of Cass county, or any other sum, but on the contrary allege the fact to be that the defendant, the First National Bank of Greenwood, Nebraska, has paid to the county of Cass, through its county treasurer, all of the interest due and owing to the said county upon county funds so deposited with the said First National Bank of Greenwood, Nebraska." To this answer there was in reply a general denial. A trial of the issues resulted in a verdict and judgment against the bank, and in its behalf the case is presented here for review.

It is contended by the bank that the evidence

adduced in the case disclosed that the major portion of the demand upon which the action was based was composed of interest on state funds, or money collected by the county treasurer of the taxes levied for state purposes, and the other of interest on school district moneys and the district road fund; that these are not current funds belonging to the .county, and that the law under which the transaction herein involved was made only provides for the deposit by the treasurer "of money in his hands belonging to the several different current funds of the county treasury," and that no recovery could be legally had of interest on a deposit of any other than current funds, hence none could be allowed in this case. It does not appear from the pleadings that interest is claimed herein on other than "county funds," and the disposition of the contention on behalf of the bank calls for an examination of the testimony, for which reference must be made to a bill of exceptions. The document attached to the record in this case, which purports to be the bill of exceptions, is not identified as such by the certificate of the clerk of the trial court, and is not, therefore, authenticated as required by law, and, as a general rule, the evidence not being properly before the court, will not be examined, and questions raised which depend upon matters of evidence cannot be decided. It follows that the judgment of the district court must be

'AFFIRMED.