UNION PACIFIC RAILROAD COMPANY v. J. J. KINNEY ET AL.

FILED MARCH 4, 1896.   No. 6335.

1. **Bill of Exceptions: AUTHENTICATION.** If a bill of exceptions has not been authenticated by the certificate of the clerk of the trial court as required by law, matters contained therein will not be considered or examined by this court.

2. **Review.** Errors must be affirmatively shown by the record; if not, it will be presumed that the proceedings of the trial court were correct.

ERROR from the district court of Kimball county. Tried below before NEVILLE, J.

*John M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaintiff in error.

*H. D. Rhea, contra.*

HARRISON, J.

In this action, in the district court of Kimball county, the plaintiffs (defendants in error) sought to recover of the Union Pacific Railway Company, as damages, the value of a gray stallion, alleged to have been struck and killed by a locomotive, on a portion of the company's line of road in Kimball county, Nebraska, it being further alleged

that the striking and killing of the horse were due
to the negligent and careless manner in which an
engine and train of cars were operated and han-
dled by the employes of the company at the time
of the occurrence. Issues were joined by the
pleadings filed by the parties, and a trial resulted
in a judgment in favor of the plaintiffs in the ac-
tion. The company presents the case here for
review by error proceedings. In view of the dis-
position which we have, after examination, deter-
mined must be made of the case, a further or more
extended statement is deemed unnecessary. In
the argument in the brief filed by counsel for the
railway company it is urged:

"1. The court should have granted defendant's
request to direct a verdict for defendant (record,
p. 12), or its motion for new trial (record, p. 16).

"2. The fifth paragraph of the petition declares
'where the killing of said stallion occurred was in
the county of Kimball and in the state of Ne-
braska, and at a point about one and one-half
miles west of Kimball in the said county and
state; and at said point there is a public highway
running along said railroad track, and said de-
fendant has carelessly, negligently, and know-
ingly, utterly failed to construct a fence along
said railroad, or in any manner protect stock from
straying upon said track.' (Record, p. 3.) The
evidence, as will be seen by referring to the pre-
ceding abstract and bill of exceptions, conclu-
sively establishes that a fence had been erected by
the plaintiff Kinney on the south side of defend-
ant's right of way and the public highway running
along said railroad track upon the south, said
highway partially on defendant's right of way,
leaving it between the fence and the road.

"3. The court erred in that by the third instruction it charged the jury that: 'The building of a fence on one side of a railway company's right of way by the owner and occupier of the lands on that side, does not release the company from its duty to build a fence on the other side of said railway company's right of way. (Record, p. 9.)

"4. The uncontroverted evidence shows that the plaintiff Kinney, in permitting his stallion to run at large, was guilty of a breach of section 91 of the Revised Statutes (Cobbey's edition).

"5. The court erred in overruling the objection of the defendant below to the several questions put by the plaintiff on rebuttal to L. C. Kinney, Charles E. Cronn, and J. J. Kinney, as follows."

To properly determine the force of each of these questions raised by the assignments of error a reference to and examination of the testimony introduced during the trial of the case, or portions of it, are necessary. Attached to the transcript is what purports to be a bill of exceptions and to contain the evidence, but it is not authenticated by the certificate of the clerk of the trial court as required by law, and cannot be used for any purpose. Such a certificate is indispensably necessary. (*Wax v. State*, 43 Neb., 18, and cases cited.) In the opinion of the case of *Romberg v. Fokken*, 47 Neb., 198, written by NORVAL, J., it was said: "That which purports to be a bill of exceptions, and which is attached to the transcript, does not appear to have been filed in the district court, nor has the clerk of that court certified that it is either the original bill of exceptions settled and allowed in the cause, or a copy thereof, as required by law. The pretended bill, therefore, must be ignored, and cannot be considered for any

purpose. (*Aultman v. Patterson*, 14 Neb., 57; *Hogan v. O'Niel*, 17 Neb., 641; *Flynn v. Jordan*, 17 Neb., 518.) But it may be said the omission of the clerk's certificate authenticating the bill must be deemed to have been waived by the parties, inasmuch as they have conceded the validity of the bill of exceptions, by raising no objections thereto in this court. *Yates v. Kinney*, 23 Neb., 648, recognizes such rule, but we do not hesitate to say that it is unsound. In the exercise of its appellate jurisdiction this court reviews the proceedings of the district court, and our only means of ascertaining what proceedings were had and taken in the trial court in any case, or what pleadings were filed therein, is the transcript of the record of that court, duly authenticated by the proper officer. If the parties may waive the certificate of the clerk of the district court to the original bill of exceptions, then there is no reason why they may not likewise waive the authentication of the transcript of the final judgment, or order sought to be reviewed, and the pleadings in the case. The statute requires both the transcript and the bill of exceptions to be authenticated by the certificate of the clerk of the district court, and we have no right to ignore or disregard its mandatory provisions. (*Moore v. Waterman*, 40 Neb., 498; *Otis v. Butters*, 46 Neb., 492; *Martin v. Fillmore County*, 44 Neb., 719; *Yenney v. Central City Bank*, 44 Neb., 402.)" (See, also, *First National Bank of Greenwood v. Cass County*, 47 Neb., 172.)

As the decisions of the questions raised by the assignments of error and discussed in the brief or argument of counsel for plaintiff in error necessitate an inspection of the evidence adduced and we have just decided the testimony in this case is not

before us, and as alleged errors must be shown by the record or be presumed not to have occurred (*Willis v. State*, 27 Neb., 98; *Romberg v. Hediger*, 47 Neb., 201), it follows that the assignments of error must be overruled and the judgment of the trial court

AFFIRMED.