YANKTON, NORFOLK & SOUTHWESTERN RAILROAD COMPANY V. STATE OF NEBRASKA ET AL.

FILED OCTOBER 6, 1896. No. 6845.

1. **Bill of Exceptions:** AUTHENTICATION. A bill of exceptions must be certified by the clerk of the trial court as being a part of the record in said court, or as being the original bill of exceptions in the case, in order that the matters therein may be considered by this court. (*Wax v. State*, 43 Neb., 18.)

2. **Costs:** TAXATION: REVIEW. In order to review the question of taxation of costs a motion to retax must be made in the trial court and a ruling obtained thereon by that court. (*Real v. Honey*, 39 Neb., 516.)

3. **Trial:** VERDICT: OBJECTIONS TO FORM. Objections to the form and terms of a verdict should be made in the court below, at the time of its rendition, in order to be available on error to this court. (*Roggenkamp v. Hargreaves*, 39 Neb., 540.)

ERROR from the district court of Knox county. Tried below before JACKSON, J.

*E. A. Houston*, for plaintiff in error.

*A. A. Welch, W. D. Funk*, and *S. Draper, contra.*

RAGAN, C.

This is a proceeding in error by the Yankton, Norfolk & Southwestern Railroad Company against the state of Nebraska to reverse a judgment of the district court of Knox county, pronounced against it in favor of the state, for damages sustained by the latter by reason of the ap-

propriation by the railway company, for railway purposes, of certain of its lands in said county.

1. The first assignment of error relates to the action of the district court in the admission of certain testimony, but we are unable to review this assignment, for the reason that we have before us no bill of exceptions. There is in the record a paper purporting to be a bill of exceptions, but it is not certified by the clerk of the district court as being either the original bill of exceptions or a copy thereof. In *Wax v. State*, 43 Neb., 18, it was held: "A bill of exceptions must be certified by the clerk of the trial court as being a part of the record in said court, or as being the original bill of exceptions in the cause, in order that the matters therein may be considered by this court." (See, also, to the same effect, *Aultman v. Patterson*, 14 Neb., 57; *Flynn v. Jordan*, 17 Neb., 518; *Hogan v. O'Niel*, 17 Neb., 641.)

2. The second assignment of error is that the court erred in taxing the costs of the action to the plaintiff in error. The judgment of the district court is in the usual form,—that the plaintiff below have and recover of the defendant below a named sum, with costs, taxed at $——. The record does not disclose what the costs were. So far as the record shows, the railroad company made no motion in the court below to retax these costs. If any reason existed why the party who recovered in the court below should not recover his costs, that fact should have been made to appear to the trial court by motion to retax, and if the railroad company was dissatisfied with the ruling of the court on that motion it should have taken an exception to such ruling and presented it here. In *Real v. Honey*, 39 Neb., 516, it was held: "In order to review the question of taxation of costs, a motion to retax the costs must be made in the trial court and a ruling obtained thereon by that court." To the same effect, see *Ins. Co. of North America v. Bachler*, 44 Neb., 549.

3. The third assignment of error relates to the form of the verdict on which the judgment sought to be reversed

was rendered. We have failed to discover any material defect in this verdict affecting the validity of the judgment. No objection to the reception and recording of the verdict was made at the time it was returned into the trial court, and after the verdict was received without objection it was then too late to urge, either upon the trial court or this court, objections to the form of the verdict. See *Roggenkamp v. Hargreaves*, 39 Neb., 540, where it was held: "Objections to the form and terms of a verdict should be made in the court below at the time of rendition in order to be available on error to this court." To the same effect, see *Brumback v. German Nat. Bank of Beatrice*, 46 Neb., 540; *Jones v. Driscoll*, 46 Neb., 575.

There is no error in the record, and the judgment of the district court is

AFFIRMED.