JOSEPH H. NASH v. JAMES A. COSTELLO.

FILED JANUARY 19, 1897.   No. 7784.

1. **Bill of Exceptions:** MOTION TO QUASH: LACHES. A motion to quash a bill of exceptions on the ground that it was not presented to the adverse party or his attorney for examination and amendment within the statutory ·period should be made within a reasonable time after the bill is filed in the appellate court, and where not made for nearly eighteen months after the filing of the transcript, and after briefs upon the merits have been printed and served by the respective parties, such objection will be considered, waived.

2. ———. *Horbach v. City of Omaha,* 49 Neb., 851, distinguished.

MOTION by defendant to quash bill of exceptions. *Motion overruled.*

*W. A. Prince,* for the motion.

*Abbott & Caldwell* and *W. T. Thompson, contra.*

PER CURIAM.

This cause is submitted to the court on a motion of de- fendant to quash the bill of exceptions, because not pre- sented to him either within the time fixed by law or the order of the court. A trial in this case was had at the May term, 1894, of the district court of Hall county, and judgment rendered in favor of the defendant. On the 5th day of August, 1894, the court adjourned *sine die,* and

eighty days in all were given to reduce the exceptions to writing. The draft of the proposed bill of exceptions was submitted to the defendant's attorney for correction on January 22, 1895, who made thereon the indorsement, "Atty's for defendant refuse to consider same, because not presented and submitted within statutory time," and signed the same and returned the proposed bill to plaintiff's attorneys. This objection was overruled by the trial judge, and the bill was allowed on a showing that the delay in presenting the bill to defendant resulted solely from the failure of the official court reporter to make a transcript of the evidence until said date.

The contention of counsel for defendant is that the decision on the motion is controlled by *Horbach v. City of Omaha*, 49 Neb., 851. In that case it was ruled that the delay in presenting a bill of exceptions to the adverse party, caused solely by the fault of the official stenographic reporter in preparing the transcript of the evidence, will not authorize the submission of the bill after the expiration of the time limited by the statute or fixed by the order of the trial judge. The doctrine is sound and has been followed in *Trumble v. Trumble*, 50 Neb., 332. It does not follow that the motion to quash the bill in this case should be sustained, or that *Horbach v. City of Omaha* controls the decision herein. In that case the motion to quash was made in this court within a few days after the appeal was docketed, and before either party had filed briefs upon the merits of the controversy. Not so in the case before us. The transcript and petition in error were filed with the clerk of this court June 3, 1895. Two days later the brief of plaintiff was filed. On September 11, 1895, defendant's brief on the merits was served upon adverse counsel, and the first objection made to the bill of exceptions in this court was by the motion to quash, which was filed December 31, 1896, or nearly a year and a half after the proceedings in error were commenced and the briefs of the respective parties upon the issues presented by the petition in error were printed and

filed. These facts constitute a waiver of the objection. that the bill of exceptions was not submitted to the defendant for examination and amendment within the time fixed by law, if such objection can be waived, and we entertain no doubt of it. This court has repeatedly so held. (*Omaha & N. N. R. Co. v. Redick*, 14 Neb., 55; *Cattle v. Haddox*, 14 Neb., 59, 527; *Cheney v. Cooper*, 14 Neb., 413; *Smith v. Kaiser*, 17 Neb., 184; *Yates v. Kinney*, 23 Neb., 648; *Warren v. Brown*, 31 Neb., 10; *Crane Bros. Mfg. Co. v. Keck*, 35 Neb., 683.) In *Yates v. Kinney, supra,* there was a motion to quash the bill of exceptions on the ground, among others, that it was not presented to the judge within the time required by law, which motion was filed more than a year after the docketing of the cause in this court, and after the plaintiff in error had prepared and 'presented his briefs on the main issues. The court held said objection was thereby waived, and in doing so used this language: "In a number of cases decided by this court it has been held that objections to a bill of exceptions must be made at the earliest opportunity, otherwise they will be waived. * * * Where, however, a party intends to raise objections to some matter of form connected with the preparation of a bill, he should file his objection within a reasonable time, and before the adverse party has been permitted to incur the expense of preparing and printing a brief relating to the merits of the controversy. Good faith requires this, and that objections to the form of the bill not thus raised shall be considered as waived. The objections to the preparations and signing of the bill, not having been made until more than a year from the date of filing the transcript in this court, and after the case was set down for hearing and the plaintiff in error had prepared and printed his briefs, come too late and are, therefore, waived." To this same effect is the decision in *Crane Bros. Mfg. Co. v. Keck, supra.*

It is true, as already suggested, the objection that the proposed bill was not presented for examination in time was made before the same was signed by the judge. This

step was indispensable to save the objection for the consideration of this court, in case it was afterwards insisted upon. The objection not having been seasonably renewed in this court, it must be treated as waived. This holding does not in the least conflict with the cases in which this court, of its own accord, has refused to consider bills of exceptions allowed by the clerk of the district court without a proper stipulation, signed by the parties, authorizing him to do so, or bills which have not been authenticated by the clerk of the trial court, notwithstanding no objection to the same was raised by either party. The failure to submit the bill of exceptions for examination in time is not a jurisdictional defect; hence, it may be waived, while if a proposed bill is signed and allowed by the clerk in a case where the statute does not authorize him to do so, his act of signing and settling is a nullity and the bill does not become a part of the record, even though the parties make no objection to it on that ground. So, too, the omission of the clerk's certificate authenticating a bill of exceptions cannot be waived by the parties, because the statute requires it to be thus authenticated; and to the transcript of the record of the trial court, duly certified, alone we must look for the purpose of ascertaining the proceedings had and taken in such court. (*Union P. R. Co. v. Kinney*, 47 Neb., 393, and cases there cited.) The motion to quash must be overruled.

MOTION OVERRULED.