EFFIE E. THOMPSON, ADMINISTRATRIX, V. MISSOURI PA-
CIFIC RAILWAY COMPANY.* ·

ART ELIZA ALEXANDER V. JOHN OVERTON ET AL.

JAMES A. HAKE ET AL. V. SAMUEL WOOLNER.

JESSE S. MAPES ET AL. V. VILLAGE OF SYRACUSE.

HATTIE W. BROWN V. EPHRAIM P. HARTMAN.

FILED JANUARY 19, 1897.  NOS. 7256, 8125, 8163, 8286, 8581.

1. **Bill of Exceptions:** OBJECTIONS TO ALLOWANCE: REVIEW. Objec-
tion to a bill of exceptions that it was not presented for examina-
tion and amendment within the statutory period, not made before
the bill was signed and allowed by the trial judge, but raised for
the first time in the supreme court, will not be considered.

2. ———: WAIVER OF OBJECTIONS: REVIEW. Where a bill is served
upon the adverse party after the· time therefor had expired, and
the parties stipulated in writing that the trial judge should sign
and allow the bill, it is a waiver of the objection that the bill was
not presented within the time fixed by law or the order of the·
court.

MOTIONS by defendants to quash the bills of exceptions.
*Motions overruled.*

B. P. Waggener, James W. Orr, John C. Watson, John W.
Dixon, and A. N. Sullivan, for the motions.

Matthew Gering, C. W. Seymour, Hall, McCulloch & Clark-
son, E. F. Warren, M. L. Hayward, F. E. Brown, and Paul
Jessen, contra.

PER CURIAM.

Each of these causes was submitted upon a motion to·
quash the bill of exceptions. The grounds therefor, and
the facts connected therewith, are similar to those stated
in *Nash v. Costello,* 50 Neb., 325, the only difference in
the facts being that in none of the cases was any objection
to the proposed bill made before the same was signed and

*Motion for rehearing overruled. See *post,* p. 330.

allowed by the trial judge, while in the case of Hake v.
Woolner, after the statutory period for serving the bill
had elapsed, the attorneys for the respective parties stipu-
lated, in writing indorsed thereon, that the bill of excep-
tions should be allowed and signed by the judge.    In each
case the draft of the proposed bill was served upon oppos-
ing counsel out of time, and the motion to quash was
not filed until months after the cause had been dock-
eted in this court, and the briefs of plaintiff in error
on the merits had been printed, served, and filed.   In
all the cases but two, the defendants' counsel had filed
their briefs before any objection to the bill of exceptions
was raised in this court.   The determination of the sev-
eral motions is controlled by the decision in *Nash v. Cos-
tello, supra,* and cases there cited.   The objection now
urged against the bill of exceptions has been waived, and
the motions to quash are denied.

MOTIONS OVERRULED.