EFFIE E. THOMPSON, ADMINISTRATRIX, V. MISSOURI PACIFIC RAILWAY COMPANY.

FILED MARCH 3, 1897. No. 7256.

Bill of Exceptions: MOTION TO QUASH: LACHES. A motion to quash a bill of exceptions, which has been duly allowed by the trial judge and properly authenticated, made more than a year after the filing of the same and the transcript in this court, and after the service of briefs on the merits, comes too late.

MOTION by Missouri Pacific Railway Company for rehearing of preceding case, 50 Neb., 329. *Rehearing denied.*

*B. P. Waggener, James W. Orr,* and *A. N. Sullivan,* for the motion.

NORVAL, J.

Defendant asks for a rehearing of its motion to quash the bill of exceptions herein, which motion was based upon two grounds, not considered in the former opinion: (1) That no notice of the settlement of the bill of exceptions was served upon the defendant; (2) that the proposed bill was not presented to the trial judge within the time required by law. The term of court at which the judgment was rendered adjourned *sine die* on May 1, 1894, and forty days from the rising of the court was given to reduce the exceptions to writing. Subsequently the time was extended for an additional forty days. On July 17, 1894, the draft of the proposed bill of exceptions was served upon counsel for defendant, which was returned to plaintiff, with certain proposed amendments, eleven days thereafter. The bill and the amendments suggested were submitted to the trial judge for allowance without notice to the defendant. Judge Chapman makes affidavit that it was not presented to him for allowance until September 6, while Mr. Gering, in his affidavit, explicitly states that the bill and proposed amendments were delivered to the trial judge for settlement and allowance prior to August 1, 1894. The transcript and bill were filed in this court on the 20th day of October, 1894. The briefs upon the merits were filed August 15, 1895, by both parties, and the motion to quash was not filed until nearly a year and a half thereafter.

The question of veracity between Judge Chapman and Mr. Gering we shall not attempt to decide, but shall assume that the bill was presented for allowance as required by law, since the judge signed the bill without raising any objection as to time, and the defendant retained the proposed bill more than ten days after service upon it. Moreover, this objection to the bill was waived by the filing of briefs on the merits and the inexcusable delay in raising it in this court. (*Yates v. Kinney*, 23 Neb., 648.)

The other ground of the motion to quash would have been available had it been timely presented, since it was the duty of the plaintiff to have given notice to the adverse party of the time of the presentation of the bill for settlement, as amendments to the bill were suggested. It is too late now to insist upon the lack of notice. (*Nash v. Costello*, 50 Neb., 325, and cases there cited.

MOTION OVERRULED.