## MARY R. HARRIS v. JOHN BARTON.

FILED FEBRUARY 2, 1898. No. 7816.

1. **Bill of Exceptions: AUTHENTICATION.** A bill of exceptions will not be considered unless authenticated by the clerk of the trial court.

2. ———: ———: REVIEW. Assignments of error which are unavailing without a bill of exceptions will be disregarded where such bill is not authenticated according to the statute.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Affirmed.*

*Smith & McCreary* and *J. D. Pope,* for plaintiff in error.

*Charles H. Sloan, contra.*

NORVAL, J.

This was an action of replevin by Mary .R. Harris against John Barton to recover a number of buggies and wagons. From a verdict and judgment for the defendant the plaintiff prosecutes this proceeding.

The petition in error contained nine assignments. Three relate to rulings on the evidence, five are based on the giving and refusing of instructions, and one relates to the overruling of the motion for a new trial. These assignments are unavailing, for the reason their consideration involves an examination of the bill of exceptions, and the document attached to the transcript purporting to be the bill of exceptions is not authenticated by any certificate of the clerk of the trial court, as either the original bill or a copy thereof. (*Moore v. Waterman,* 40 Neb. 498; *Wax v. State,* 43 Neb. 18; *Yenny v. Central City Bank,* 44 Neb. 402; *Martin v. Fillmore County,* 44 Neb. 719; *Union P. R. Co. v. Kinney,* 47 Neb. 393; *Romberg v. Fokken,* 47 Neb. 198; *Derse v. Straus,* 49 Neb. 665.) For the reason stated the judgment is

AFFIRMED.