SAMUEL K. DAVIS V. FIRST NATIONAL BANK OF GRINNELL, IOWA.

FILED JANUARY 5, 1899.  No. 8568.

Pleading: UNDENIED ALLEGATIONS.  All material allegations of new matter contained in an answer are admitted and must be taken as true if no reply is made to them.  Following *National Lumber Co. v. Ashby*, 41 Neb. 292.

ERROR from the district court of Gage county.  Tried below before BUSH, J.  *Reversed.*

*G. M. Johnston*, for plaintiff in error.

*J. E. Cobbey*, contra.

RYAN, C.

This action was brought in the district court of Gage county upon the transcript of a judgment rendered by the district court of Poweshiek county, Iowa, and a recovery was had herein as prayed. In the petition filed in the district court of Gage county it was alleged that the judgment in Iowa had been rendered by a court having general equity and common-law jurisdiction. There was no averment as to jurisdiction of the person of the defendant in the Poweshiek county district court. In the answer in this case in the district court of Gage county it was alleged that the action in Poweshiek county, Iowa, was upon an alleged negotiable promissory note claimed to have been executed by defendant and others; that at the time of the execution of said note, and at all times since, none of the purported makers was a resident of Iowa; that said note was not payable at any particular place in Iowa in which a maker of said note was a resident, and there was a denial that said action in Iowa was brought where any defendant, being a maker of said note, resided. In this connection it was alleged in the answer that the provisions of section 2586, 2 McClain's Annotated Code of Iowa, governed as to the place where suit must be brought in that state, and that the provisions of said section applicable are in this language: "But in all actions upon negotiable paper, except when made payable at a particular place, in which any maker of such paper, being a resident of the state, is made defendant, the place of trial shall be limited to the county wherein some of the makers of such paper reside." It was, therefore, in the answer denied that the district court of Poweshiek county, Iowa, had jurisdiction of the subject-matter of the action or of the person of the defendant. There was no reply to the averments of the answer herein, and these averments of facts disclosing the want of jurisdiction of the district court in Iowa were therefore admitted to be true. (*National Lumber Co. v.*

*Ashby*, 41 Neb. 292.) There was in this case, under the facts and statute pleaded in the answer, a tacitly confessed want of jurisdiction in the district court of Poweshiek county, Iowa, to render a judgment against the defendant, and such a judgment rendered, as we must assume, without jurisdiction furnished no sufficient evidence to sustain a judgment in any of the courts of this state. The judgment of the district court is therefore reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.