WILLIAM McGINLEY v. ANNA M. WIRTHELE.

FILED NOVEMBER 2, 1904.   No. 13,635.

Replevin: ANSWER. When a defendant in replevin qualifies a general denial in his answer by pleading specially that the title to the property in dispute is in him, he waives the technical defense that he was not in possession of it at the beginning of the action.

ERROR to the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

W. F. *Moran*, for plaintiff in error.

W. W. *Wilson*, contra.

Ames, C.

The plaintiff in error, McGinley, claims to have purchased some chattel property of August Wirthele on the 24th day of February, 1901, and to have sold it on the same day, and delivered it to his vendee. On the 12th day of March following, this action in replevin for a recovery of the property was begun against him by the defendant in error, the wife of the vendor, her husband in the meantime having absconded. The return of the officer recited that the property in dispute could not be taken under the writ, and the action proceeded as one for damages. Issues were made up and tried to the court without a jury, the result being a judgment for the plaintiff.

The defendant below prosecutes error, contending, first, that the judgment ought to be reversed because the gist of the action of replevin is the unlawful detention of the property, and that at the time this suit was begun, and for two weeks previously, the chattels in dispute were not, and had not been, actually or constructively in his possession. This defense is, however, in a measure technical, and one which a defendant may waive, if he chooses so to do, and we think that in this case he did so. Instead of relying upon a general denial, as he might have done if he had seen fit, he expressly qualified that defense by pleading specially that he had purchased the property for value and in good faith of the husband, and that the plaintiff, by her conduct in permitting the latter to take and retain possession of the same and represent himself to be the owner and entitled to dispose of it, was estopped to allege title in herself.

By this answer the plaintiff in error tendered a distinct issue of title, and so made the question of possession immaterial. It does not lie in his mouth to say that the court has tried, at his instance, a question of which, because of circumstances within his knowledge and existing at the time of the beginning of the suit, it had not jurisdiction. The case falls precisely within the rule announced

by this court in *Flynn v. Jordan,* 17 Neb. 518, which was also an action in replevin in which the issues were, in this respect, exactly similar to those in the case at bar.

A second contention of the plaintiff in error is that the evidence is insufficient to establish ownership in the wife, who was plaintiff below. But this is an action at law, in which the findings of fact have the same rank and importance as the verdict of a jury, and an examination of the record fails to convince us that the conclusions of the trial judge were, in the language of the decisions, "clearly" or "manifestly" wrong. And, besides, although we do not wish to be understood as holding that a plea of estoppel is in all cases so clearly inconsistent with a denial of title as to preclude the latter defense, yet in this case the pleading gave the alleged estoppel such exclusive prominence as to amount very nearly, if not quite, to an admission of actual ownership in the plaintiff, which could be defeated only by the matter *in pais.* It cannot be, and we do not understand is attempted to be, seriously contended that the defense of estoppel was made out. Whatever may have been the conduct of the plaintiff with respect to the property, it is not shown, or attempted so to be, that it came to the knowledge of the defendant or influenced him in any way at or before the time he made his alleged purchase.

For these reasons, we recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.