GRAVENOR STANSER, APPELLANT, v. CHARLES F. CATHER ET AL., APELLEES.

FILED JUNE 26, 1908. No. 15,207.

1. **Pleading.** Where a plaintiff in an action to enjoin trespass claims under a lease, an allegation in an answer to such petition, that such lease has been canceled and terminated, is new matter which must be taken as true if not denied by a reply.

2. **Appeal: WITHDRAWAL OF RECORD.** The disposition of a case will not be delayed to permit an appellant to make a showing for leave to withdraw a purported bill of exceptions attached to the record, to the end that it may be authenticated, when under the pleadings no judgment could be rendered in favor of such appellant.

APPEAL from the district court for Webster county: ED L. ADAMS, JUDGE. *Affirmed.*

*E. U. Overman,* for appellant.

*Bernard McNeny, contra.*

CALKINS, C.

This was an action to enjoin an alleged trespass upon farming lands. The petition alleged that the plaintiff was in possession of such land "as the tenant of John B. Stanser, who is the owner of said land by virtue of a state school land lease issued by the state of Nebraska for said land"; and that the defendant, "claiming to have pur-chased the lease to said lands from the state of Ne-braska," while plaintiff was peaceably engaged in farm-ing said lands, wrongfully came upon the same, took down a portion of plaintiff's fences, and undertook to unlawfully stay and trespass thereon and to plow up said land and destroy plaintiff's crops. The defendant an-swered, alleging that the state of Nebraska was the owner of the land in question, and on the 8th day of July, 1884, leased the same to John B. Stanser for the term of 25 years from the date of such lease; that the said Stanser failed, neglected and refused to pay the rental due the state of Nebraska on said land, and that the said state of Nebraska, as by the terms of said lease it was provided it could do, by and through its proper officers, on the 12th day of January, 1905, canceled and annulled said lease and all the rights of the said John B. Stanser in and to said lease and the premises described in the plaintiff's petition; that afterwards, and on the 25th day of May, 1906, the state of Nebraska, by and through its proper officers, leased said premises to the defendant for the term of 25 years; and that the defendant had, since the making of said lease, been entitled to the possession of the said premises. There was no reply, and at the close of the plaintiff's testimony the district court rendered judgment dismissing the plaintiff's petition, from which judgment the plaintiff appeals.

1. The plaintiff is in the position of claiming under John B. Stanser, and at the same time admitting, by his failure to reply to the answer of the defendant, that the title or right of John B. Stanser in the land in question has been canceled and determined. There is no claim made that the case was tried as if a reply had been filed. The only consideration urged by plaintiff to avoid the above conclusion is that the defendant's answer is no more than a denial to the affirmative matter in the petition. The only allegation in the petition concerning the right of John B. Stanser to the land is that he claims by virtue of a school land lease issued by the state; while the allegation as to the nature of the defendant's claim is that he claims to have "purchased the lease to said lands from the state of Nebraska." This allegation might be construed to mean that the defendant had purchased the lease from Stanser; but, so construed, it would mean nothing, and it was probably intended to allege that the defendant had leased the land from the state. Given such construction, which is the most favorable to plaintiff's claim, there is an entire failure to mention the essential and fundamental fact contained in defendant's answer that this lease had been canceled for nonpayment of rent. The plea of these facts in the answer was not, therefore, a denial of any fact pleaded in the plaintiff's petition, but such facts were material allegations of new matter, which, not being controverted by a reply, must for the purposes of the action be taken as true. Section 134 of the code; *Stewart v. American Exchange Nat. Bank,* 54 Neb. 461; *Davis v. First Nat. Bank,* 57 Neb. 373; *Equitable Trust Co. v. O'Brien,* 55 Neb. 735.

2. Attached to the transcript is a document which purports to be a bill of exceptions settled in this cause. There is nothing to show that it was filed in the office of the clerk of the district court, and it lacks a certificate of authentication from such clerk. Since the case of *Aultman & Co. v. Patterson,* 14 Neb. 57, the general rule has been that the requirements of section 587*b* of the code

cannot be dispensed with. In *Yates v. Kinney,* 23 Neb. 648, it was held that 'failure to object to a purported bill of exceptions on the ground that it was not properly certified waived such objection; but this doctrine was denied in *Romberg v. Fokken,* 47 Neb. 198, and in *Union P. R. Co. v. Kinney,* 47 Neb. 393, since which it has been held, in cases too numerous to cite, that a purported bill of exceptions lacking such identification must be disregarded. No motion was made against this document, but at the close of the oral argument the defendant called our attention to its condition. Thereupon the plaintiff in error orally asked leave to withdraw this document, to the end that it might be certified by the clerk of the district court and refiled. No showing was made that it was in truth what it purported to be, nor any reason given for the plaintiff's failure to make his application at an earlier date. Such application, made at a time which would delay the submission of the case, should not be granted except upon a showing of merit. Treating the plaintiff's request for leave to withdraw as a request for permission to make such showing, it should still be denied. Under the state of the pleadings, no judgment could have been properly rendered for the plaintiff, and nothing contained in the alleged bill of exceptions could change the result.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.