JOHN W. BOGGS, PLAINTIFF IN ERROR, V. BATEMAN THOMPSON, DEFENDANT IN ERROR.

1. **Witnesses.** The cross-examination of a witness should be restricted to the facts and circumstances drawn out on his direct examination. If it is desired to examine the witness upon other matters, the party desiring such examination must make the witness his own, and call him as such. *Davis v. Neligh*, 7 Neb., 84, adhered to.

2. **Exempt Property.** Property which is exempt by law from liability for the owner's debts is not susceptible of a fraudulent alienation. *Derby v. Weyrich*, 8 Neb., 174, adhered to.

ERROR to the district court for Washington county.   The
action was in replevin by Thompson against Boggs, who,
as sheriff, had levied on the property in question to satisfy
executions issued on judgments against O'Hara.   Judg-
ment below before SAVAGE, J., for Thompson.

*Jesse T. Davis*, for plaintiff in error.

*L. W. Osborn* and *J. Wesley Tucker*, for defendant in
error.

COBB, J.

The first error assigned by the plaintiff in error is, that
"The court erred in excluding from the jury the cross ex-
amination of witness J. T. Kennell, commencing at ques-
tion and answer 26," etc.   The property, consisting of
household goods, for the taking of which the suit was
brought, was originally owned by one O'Hara, by whom
the same was sold to the witness J. T. Kennell, and by
him sold to the plaintiff.   Kennell having removed to
Kansas, his deposition was there taken by the plaintiff, no
one appearing at the taking on the part of the defendant.
For some cause not apparent, the witness was afterwards
recalled for cross examination on the part of the defendant.
On his direct examination witness had testified to the pur-
chase by him of the property from O'Hara; that he loaned
him some money, or rather that he paid some money for
him on his debts, at his request; that he paid $160 for him
and paid him $40 at the time of the trade.   Witness then
enumerated the articles bought of O'Hara, and presented a
copy of the bill of sale taken by him from O'Hara and
wife at the time of the sale.   Witness also stated that the
property at the time he purchased it was in the possession
of O'Hara and wife.   Witness further testified that after
keeping the property for ten days he sold and delivered it
to the plaintiff, etc.   The cross examination of this witness

by the defendant was devoted chiefly to transactions between the witness and one Captain Anthony, at Blair, and between the witness and one Henry Eberline, at Tekamah; none of which matters were proper subjects of cross examination of this witness. So far as the court can see, his testimony in chief might be true whatever might be the facts in reference to any or all of the matters contained in the cross examination. We think the court exercised a fair degree of discrimination in striking out the objectionable and improper questions and the answers thereto.

The next error assigned is, that the verdict is not sustained by the evidence. We think there was evidence before the jury of every necessary fact to establish ownership and possession of the property in the plaintiff, and while this testimony is rather weak as to the good faith of either of the sales, yet this court cannot shut its eyes to the fact that in the hands of the O'Hara family this property was exempt from execution or attachment, and so, under the authorities cited, not the subject of a fraudulent sale.

The only remaining error assigned is, that the damages were excessive. The evidence as to the value of the property came nearly altogether from the side of the plaintiff below, and was uncontradicted except in one small matter, and it was competent for the jury to adopt whichever estimate of value they believed to be correct. According to the plaintiff's testimony as to the value of the several articles, it amounted in the aggregate to one hundred and fifty-six dollars. The jury were properly told by the court that, should they find for the plaintiff, they had a right to add to the value of the property as proved interest at seven per cent from the time of the taking to the first day of the trial term. Under the facts and law, as thus given, the jury might have found a somewhat larger verdict than they did.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.