E. HURLBUT, JR., v. A. W. HALL.

FILED APRIL 3, 1894.    No. 5327.

1. Witnesses: CROSS-EXAMINATION. Ordinarily, the cross-examination of a witness should be restricted to matters brought out on his examination in chief. If it is desired to examine the witness upon other matters, the cross-examining party must make the witness his own, and call him as such. *Boggs v. Thompson*, 13 Neb., 40 ᵌ, followed.

2. Admission of Evidence: OBJECTIONS: REVIEW. Generally, in order to predicate error on the overruling of an objection to testimony, specific ground of objection must have been brought to the attention of the trial court prior to the ruling; but where a general objection to evidence is sustained, the party against whom the ruling was made cannot urge, as a ground of reversal, that the objection was not specific.

3. ———: EXCEPTIONS: REVIEW. An exception must be taken to the ruling of a trial court on the admission or exclusion of testimony, in order to obtain a review of the question in this court.

4. Alteration of Instruments. Where a promissory note has been altered in a material part after its delivery to the payee, without the knowledge or consent of the maker, it is invalid, even in the hands of an innocent purchaser.

5. ———: MATERIAL ALTERATIONS. The insertion of the figures "10" in a promissory note, thereby making the instrument draw interest at ten per cent, when no rate of interest was originally specified, is a material alteration.

6. Instructions: HARMLESS ERROR: REVIEW. A judgment will not be reversed for the giving of an instruction not based upon the evidence, where it is clear that the party complaining of it could not have been prejudiced thereby.

7. ———. It is not error to refuse to give an instruction not applicable to the pleadings and evidence, although correct as an abstract proposition of law.

ERROR from the district court of Clay county. Tried below before MORRIS, J.

*Truman A. Barbour* and *Thomas H. Matters*, for plaintiff in error.

*J. L. Epperson & Sons*, contra.

NORVAL, C. J.

This is an action brought by the plaintiff in error upon a promissory note, a copy of which is set out in the petition as follows:

"$120.          HARVARD, NEB., August 31, 1888.

"On or before the 31st day of August, 1889, I promise to pay to the order of W. T. Magee one hundred and twenty dollars, value received, with interest at 10 per cent per annum.          A. W. HALL.

"Payable at Clay County Fence Factory."

The note was indorsed as follows: "Pay without recourse.          W. T. MAGEE."

The petition alleges the making and delivering of the note by the defendant to the payee therein named; that plaintiff is the owner and holder thereof, and that he purchased the same before maturity for a valuable consideration, and without notice of any equities in favor of the defendant.

The answer denies that the defendant executed and delivered the note declared upon, and that plaintiff purchased the same as averred in the petition, and alleges that the defendant executed a promissory note on the 31st day of August, 1888, for $120, payable to the order of W. T. Magee, but that said note did not bear interest; that after the delivery of the note it was materially altered, without the knowledge or consent of the defendant, by inserting the figures "10," so as make the instrument draw ten per cent interest per annum. The answer further alleges, in substance, that the note so executed by the defendant was given to the said Magee in consideration of the defendant being appointed agent of the payee for the sale of a certain slat and wire fence, which Magee agreed to keep in stock at Clay Center, and to furnish to the defendant at 35, 40, 55, 60, and 65 cents per rod, according to the number of wires used; that Magee agreed to assist in the selling of said fence, so that the net profits to the defendant should be $48 per mile, and that said Magee failed to perform his part of said agreement.

The allegations of the answer are denied by the reply.

Upon the issues thus formed, the cause was tried to a jury, who returned a verdict in favor of the defendant, upon which judgment was rendered by the court.

A number of rulings of the trial court on the admission of testimony are assigned as error, which we will notice in the order stated in the brief of counsel for plaintiff in error.

Upon the trial in the court below the plaintiff called, as a witness in his behalf, the defendant A. W. Hall, for the purpose of proving that the latter signed the note sued on;

and it is insisted by counsel that the cross-examination of the witness exceeded the bounds of a proper examination. We quote from the bill of exceptions the entire testimony of the defendant:

Q. (Handing paper.) Did you ever see that paper before?

A. Yes.

Q. Is that your signature?

A. Yes.

Q. Did you write that letter to Mr. Hurlbut?

A. Yes, sir.

Said paper was marked Exhibit "A," and offered in evidence by the plaintiff, and read to the jury.

Q. (Handing paper.) Is that your signature?

A. I think it is; yes, sir.

Note offered in evidence by plaintiff, marked Exhibit "B."

Cross-examination by Mr. Epperson:

Q. Look at that note and state whether, or no, there has been any alteration made in it since you signed your name to it.

Objection by plaintiff, as incompetent, the note not being introduced in testimony at the present time, and that counsel has no right to cross-examine until the party calling the witness has examined in chief. Objection overruled.

Exhibit "B" offered in evidence by plaintiff. Note admitted. Plaintiff excepts.

Witness excused.

It is a familiar rule of evidence that ordinarily the cross-examination of a witness must be restricted to the matters brought out on his examination in chief. Where it is desired to examine the witness upon other matters, the cross-examining party must make the witness his own, and call him as such. (*Boggs v. Thompson*, 13 Neb., 403.) The plaintiff called the defendant to the stand for the single

purpose of having him identify his signature to the note, and while the testimony sought to be elicited on cross-examination by the question objected to tended to establish the defendant's plea that the instrument had been materially altered after the execution thereof, the question was not proper to be put to the witness on his cross-examination, since it did not relate to the facts testified to on his direct examination.   The plaintiff, however, was not prejudiced by the overruling of his objection to the question, inasmuch as the record fails to show the witness answered the question.   Counsel for plaintiffs in error in their brief say the defendant, after the overruling of the objection, then gave this answer to the question : "Yes, sir, the ten per cent has been inserted."   This assertion is not sustained by the bill of exceptions.   It is insisted "that the court then refused to admit the note and have it called a note, and would admit it only as a paper signed by the defendant, Mr. Hall." The record fails to sustain the contention, as it will be observed that the copy of the record above quoted shows that the note was admitted without any qualification whatever. It was received in evidence for all purposes.   The bill of exceptions, on page 3, shows that the note a second time was admitted in evidence and was read to the jury, and must have been fully considered by them.

Complaint is made because the court sustained the defendant's objection to the following question propounded to the plaintiff's witness, T. A. Barbour, who was one of the attorneys who brought this suit in the court below : "Q. By what authority did you bring this suit in Mr. Hurlbut's name?  Objection by defendant.  Sustained."  There was no error in this ruling, since the question was directed to a matter irrelevant to the issues in the case.   The authority of Mr. Barbour to bring the suit was not raised by any pleading in the case, therefore it must be presumed that such authority existed.   Again, the ruling complained of is not properly raised, for the reason the record fails to

disclose that the plaintiff stated to the trial court what answer the witness would make to the question. That this was necessary, in order to have the ruling reviewed by this court, is too well settled to require the citation of the authorities in support thereof.

But it is urged that the court erred in sustaining the objection to the question last stated, because the ground of objection was not given at the time the ruling was made, and Thompson, Trials, sec. 693, and several other authorities to which our attention has been directed, sustain the doctrine contended for. Mr. Thompson, in his work to which reference has been made, at section 693 states the rule thus: "Where evidence is objected to at the trial, if the party would save an exception to the ruling of the court if adverse to him, such as will be available on appeal or error, he must frame his objection so as to bring to the attention of the trial court the specific ground upon which he predicates it, and this must be stated in his bill of exceptions. He waives all grounds not so specified." Had the objection to the question been overruled, the answer of the witness taken, and the defendant was seeking to have the ruling reversed, perhaps then the plaintiff would be in a position to invoke the above rule and insist that the objection was not sufficiently specific to present any question for review. But the doctrine stated by Mr. Thompson has no application where, as in the case at bar, the court sustains the objection to the question propounded. If the testimony was for any reason properly excluded, which was clearly the case, plaintiff has no just grounds for complaint of its exclusion. The ruling cannot be reviewed, for the obvious reason that no exception was taken at the time the testimony was excluded. (*Republican V. R. Co. v. Arnold*, 13 Neb., 485.)

Counsel for plaintiff in the brief say: "During the further examination of the same witness the following question was asked by the plaintiff's attorney: 'Q. Did

you ever have any talk with Mr. Hall about this matter before the note was due?' To which the defendant objected without giving any reason for his objection, and the court thereupon sustained the objection, to which the plaintiff then and there duly excepted." The question was asked, but no objection was made thereto by the defendant. The record also shows that the witness answered the interrogatory as follows: "I cannot say positively. I made a trip to Mr. Hall's place of residence before the note came due, and he was not at home. My remembrance is that some of his family were, and I left word that I (objection by defendant) had such a note; whether I had a personal interview (interrupted)." The witness, after the interruption, made no further response to the question. It was certainly incompetent to prove the conversation between the witness and a member of the defendant's family, in the absence of the defendant. The answer of the witness was objected to, but the court did not rule thereon, nor did the plaintiff take any exception, or further press the witness for an answer.

It is urged that the court erred in permitting the defendant to answer the following question put to him by his counsel while being examined as a witness in his own behalf: "State to the jury where you were and all the circumstances surrounding the signing of the note. State where you were, and what you were doing. State all the circumstances of your signing the note." The brief states: "To which the plaintiff there and then objected for the reason it was incompetent and immaterial, which objection the court overruled, to which ruling of the court the plaintiff there and then excepted." Here counsel again are mistaken. No objection to the question was made when the same was asked. The record shows that the objection was first made after the witness had answered the question. This was too late. Besides, the question was proper, and the answer pertinent and competent as tending to prove the defense set up in the pleading.

Objection is urged to the court's permitting the defendant to testify that the note had been materially altered after the execution and delivery thereof, and in allowing the circumstances surrounding the signing of the note to be given, without it being first shown that the plaintiff was not an innocent purchaser of the note. The defendant was not required to prove that the plaintiff was not a *bona fide* holder of the instrument for value, in order to be entitled to introduce evidence tending to establish his defense that the note had been changed. The rule is that where a note is materially altered without the knowledge or consent of the maker, it is void even in the hands of an innocent purchaser. (*Brown v. Straw*, 6 Neb., 536; *State Savings Bank of St. Joseph v. Shaffer*, 9 Neb., 1.) The insertion of the figures "10" in the note, so as to make it draw ten per cent interest, was such an alteration as avoids the note. (*Davis v. Henry*, 13 Neb., 497.) We are unable to discover any error prejudicial to the rights of the plaintiff in the rulings of the court below on the taking of the testimony.

Exception was taken by plaintiff to the fourth paragraph of the court's charge, which reads as follows: "It is a general rule of law that possession of a promissory note, indorsed by the payee thereof in blank, is *prima facie* evidence of ownership, but if the indorsement be denied, then it is for the plaintiff to establish the fact of such indorsement by proof thereof." The foregoing instruction was not applicable either to the evidence or the issues raised by the pleadings in the case. No question was made but that plaintiff was the owner of the instrument declared on. Plaintiff could not have been prejudiced by the giving of the instruction, since the jury were told, in effect, by the seventh paragraph of the court's charge, that the plaintiff was entitled to recover the face of the note and interest, as by its terms expressed, unless they should find from the evidence that the note had been materially altered after the making of the same, as alleged by the defendant, without

the consent of the maker. The instruction complained of, although not applicable to the case, in view of the positive language of the seventh instruction given by the court on its own motion already referred to, could not have misled the jury. A judgment will not be disturbed for the giving of an improper instruction to the jury, where it is clear that the party complaining of it could not have been prejudiced thereby. (*Converse v. Meyer,* 14 Neb., 190; *O'Hara v. Wells,* 14 Neb., 403; *Labaree v. Klosterman,* 33 Neb., 150.)

Complaint is made of the refusal of the court to give to the jury the following instructions, requested by the plaintiff:

" 1. The jury are instructed that the fact that the plaintiff is the holder of the note sued on is *prima facie* evidence he is the owner of the same, and that presumption exists until the contrary is shown by the defendant.

" 2. The jury are instructed that negotiable paper before maturity is intended, to some extent at least, to represent money. Possession therefore is *prima facie* evidence of ownership when it is payable to bearer or indorsed in blank, and that presumption exists until the contrary is shown by the defendant.

"3. The jury are instructed that should they find from the evidence that the plaintiff was not the owner of the note, this would constitute no defense to the action and affords no protection to the defendant in this suit, his plea of no consideration having entirely failed.

" 4. The court instructs the jury that the purchaser of negotiable paper for a valuable consideration before maturity, without notice of any defense in favor of the maker of the instrument, takes it free from all equities existing between the original parties, and it is incumbent on the defendant to first show bad faith on the part of the purchaser of the note in question before he can be allowed to introduce any testimony or interpose any defense as to the

61

original transaction between the original parties to the note, which, in this case, the defendant has failed to do."

While it is true, as a proposition of law, that the possession by the plaintiff of a negotiable promissory note, duly indorsed by the payee thereof, is *prima facie* evidence of the holder's ownership, and that he received the same upon a valuable consideration before due, in the usual course of business, without notice of any equities between the maker and the payee, it was not reversible error to refuse to instruct the jury as requested by the plaintiff, inasmuch as the ownership of the note was not a controverted issue in the case. The only question submitted to the jury was whether or not the note had been materially altered after its execution. If the jury found that it had been so changed, then they were directed to find for the defendant, otherwise to return a verdict for the plaintiff. The fact that plaintiff was an innocent purchaser of the paper was no protection to him as against the defense of a material alteration.

It is finally insisted that the verdict is not sustained by the evidence. The defendant testified positively that "10" per cent had been inserted in the note after it was delivered, without the defendant's consent. The jury believed him, and we think the evidence fully justified them in so doing. The judgment is

AFFIRMED.

POST, J., not sitting.