JOSEPH J. IMHOFF v. LYDIA W. RICHARDS.

FILED MAY 20, 1896. No. 6615.

1. **Continuance.** The ruling of the trial court in refusing an application for continuance examined, and *held* not erroneous.

2. **Amendment of Pleading:** RECORD FOR REVIEW: TRIAL. In relation to the amendment of a petition in an action, during the trial, the allowance of which was assigned for error, the only reference to which in the record was in a journal entry in which appeared the statement, "Now on this day came the parties hereto with their attorneys and leave is hereby granted the plaintiff to amend the petition herein by interlineation, to which the defendant duly excepts," *held,* too indefinite to present for review the question of the propriety of the action of the trial court, there being no state-

Imhoff v. Richards.

ment of what was embodied in the amendment; and furthermore, in order to make any error in such order available for review a statement of what was allowed to be done and the matter of the amendment should have been made a part of and preserved by the bill of exceptions.

3. ————: REVIEW. The propriety of granting or withholding leave to amend pleadings, to agree with the evidence in a case, is within the sound discretion of the trial judge, and unless there appears to have been an abuse of such discretion, no available error is presented.

4. **Trover and Conversion:** SALE: EVIDENCE. Evidence of the careful conduct of a sale, which, as to plaintiff's rights, was illegal, *held* properly excluded.

5. **Evidence:** NOTICE OF SALE. Evidence offered to show notice of the sale by advertisement *held* incompetent, and therefore rightly excluded.

6. **Trover and Conversion:** PRICE OF GOODS: EVIDENCE. As a general rule, the prices which goods brought at a public auction are admissible as evidence of their market value.

7. **Evidence:** MEMORANDUM: IDENTIFICATION. A memorandum made contemporaneously with the facts of which it purports to be a record, when supplemented by the oath of the party who made it, or otherwise properly identified, is admissible as independent evidence. No uniform rule can be announced to govern its reception, but its proper identification is an essential prerequisite.

8. **Admission of Evidence:** OBJECTION: REVIEW. It is not ground of reversal in favor of a party who complains of a ruling, by which a general objection to some offered evidence was sustained, that the objection was not specific, if the evidence which was objected to was for any reason properly excluded.

9. **Instructions:** REVIEW. Assignments of error in respect to the failure and refusal of the trial judge to give certain instructions *held* not tenable, and overruled.

10. **Assignments of Error.** An assignment in a petition in error of "Errors at law occurring at the trial and duly excepted to" is not sufficiently specific to raise and present questions pertaining to rulings of the trial judge in regard to the admission of evidence.

11. **Conversion:** VERDICT FOR PLAINTIFF. Evidence *held* sufficient to sustain the verdict.

ERROR from the district court of Lancaster county. Tried below before STRODE, J.

*Atkinson & Doty,* for plaintiff in error.

*R. D. Stearns, contra.*

HARRISON, J.

This action was instituted in the district court of Lancaster county by defendant in error to recover of plaintiff in error the value of a stock of millinery and the fixtures of a millinery store which she alleged had been converted by plaintiff in error. It was stated in the petition, in substance, that on April 1, 1892, defendant in error was engaged in the millinery business in Lincoln and owned and was in possession of a stock of millinery and fixtures, appropriate for the storing and exhibition of a stock of the kind mentioned, all located in a room in what was designated the "Little Block," in the city of Lincoln, and that the stock and fixtures were of the value of $1,053.17; that on the date aforementioned she was indebted to plaintiff in error for the rent of the store-rooms referred to, in the sum of $240, and executed and delivered to him an instrument in writing, which was in form what is denominated a bill of sale of the stock of goods and fixtures, the sum stated therein as a consideration being $240, the amount of rent which she then owed the plaintiff in error; that while on its face an absolute bill of sale, the instrument alluded to was given as security for the payment of the amount of its stated consideration, and was in fact a chattel mortgage; that on or about the 22d day of April, 1892, the plaintiff in error, under and by virtue of the said instrument, took possession of the goods and fixtures, and without the consent of defendant in error, and without first advertising or giving notice as required by law, sold them at public auction and converted them to his own use. Plaintiff in error, in his answer, pleaded that defendant in error had given a chattel mortgage on the goods and fixtures to her mother, and that this, on the 19th day of April, 1892,

was duly assigned to him; that on the 2d day of March, 1891, he leased, by written contract, to defendant in error the room in which she conducted the millinery business; that by the terms of the written lease, on default of payment of rent he was authorized to take possession of the stock, etc., and that on April 1, 1892, defendant in error had failed to pay rent when due, in the aggregate, in the sum of $240. "And the said defendant further says that upon the sale of the said goods under and by virtue of the bill of sale there was not realized more than $125, because most of the said goods were old, out of style, and were the cullings of purchases made on previous years, and were not salable." The answer also contained specific denials of the material allegations of the petition, and alleged the indebtedness of defendant in error to plaintiff in error in the sum of $400 unpaid rent, and demanded its recovery. The reply was a denial of each and every allegation of new matter pleaded in the answer. Of the issues joined there was a jury trial, and in the verdict there was a finding for defendant in error in the sum of $750, and of $400 in favor of the other party, and for the balance, $350, for defendant in error, and for this last sum she received a judgment, to reverse which error proceedings have been prosecuted to this court.

An application for continuance was made on behalf of plaintiff in error, which was overruled by the trial judge, and his action in this particular is assigned as an error. The motion for continuance was supported by an affidavit, one of the witnesses named therein, and as to whom and the evidence which it was expected to elicit from him there was the strongest showing, was afterwards present and sworn and testified on the part of the plaintiff in error; hence the error, if any, was not prejudicial to the extent it involved the attendance of this one witness. As to any others, the showing made in the affidavit was wholly insufficient, and this assignment must be overruled.

It is claimed that there was error in the allowance of

an amendment to the petition after the jury was called. All we can discover in the record in reference to this is the copy of a journal entry contained in the transcript, which is as follows: "Now on this day came the parties hereto, with their attorneys, and leave is hereby granted the plaintiff to amend the petition herein by interlineation, to which the defendant duly excepts." Of what the amendment consisted is not disclosed, consequently we are unable to determine whether leave should have been granted to make it. Furthermore, if it was expected that this portion of the proceedings of the trial would be assigned for error and relied upon, it should have been incorporated in and made a part of the bill of exceptions. As presented here it is not available. It is claimed that there was error in refusing to allow plaintiff in error to amend his answer, as it was urged, to agree with certain evidence introduced on his part, and which, it is claimed, showed an agreement between the parties that the goods should be sold at private sale and a waiver of advertisement and public sale. The question of granting or withholding leave to make the amendment rested in the sound discretion of the trial judge, and unless there was an abuse thereof, there was no error. A careful investigation of the evidence adduced, with particular reference to the determination of this point in the case, convinces us that the ruling on the subject of this complaint was correct. Evidence of a consent to a private sale, even if there had been sufficient to support a finding to that effect, which we do not believe there was, would have been immaterial, as the goods were sold at an auction, and such was the action in regard to them, on which the complaint in the cause was in part based.

It is of the errors assigned that the court erred in not allowing the plaintiff in error to show by witnesses cognizant of the facts that the sale of the goods was carefully conducted and duly advertised. As to the fact of the careful conduct of the sale it was not error to exclude the evidence. If the sale was made without the prelimi-

nary steps required by law, then, however carefully it may have been managed, it could not be material to the issues in this case.   In relation to the refusal to receive evidence that notice was given of the sale by advertisement, suffice it to say that there was no offer of any competent evidence tending to show that there had been any such notice given or published.

Another assignment is that the court erred in not allowing the defendant, plaintiff in error, to show the prices the goods brought at public auction as evidence of their market value.   If the sale was at or near the time of conversion, or, if any appreciable time had intervened, it be shown that there had been no change in the goods or market value, evidence of the prices for which they sold at auction is admissible on the question of their value. (*Campbell v. Woodworth*, 20 N. Y., 499; *Brigham v. Evans*, 113 Mass., 540; *Kent v. Whitney*, 85 Am. Dec. [Mass.], 739.) For the first offer of such evidence we are referred in the brief of plaintiff in error to page 211 of the bill of exceptions, but on turning to that page of the bill we can discover there nothing which bears in the slightest degree on the point of the prices the goods brought at auction, or any offer of any evidence on the subject.   On page 212 appears the following: "Counsel for defendant here offers to show by this witness that the goods taken were sold at public auction and that they were put up to the highest bidder, and great care taken in securing the best possible prices for said goods."   If this is what counsel alluded to in the brief, it is not an offer to show any prices for which any of the goods sold, and the refusal of this offer cannot be made available under the assignment of error now under consideration.   We are also referred to page 237 of the record for another offer of evidence on the subject of the prices the goods sold for at the auction sale.   This offer and objection thereto was as follows: "Defendant here offers in evidence a memorandum of the amount of cash received and the amount for which the goods were sold at the auction sale, for the purpose of

fixing in the minds of the jury the market and cash value of the said goods." To the introduction of the memorandum an objection was interposed, that it was incompetent, immaterial, and irrelevant, and that it did not tend to establish any of the issues in the case and was improper evidence. The objection was sustained. A memorandum may be received as independent evidence of the matters stated in it, although it may be said there is no very uniform rule governing the reception of such an instrument; and whether memoranda made by a witness contemporaneously with the event they purport to record, when supplemented by the statements of the witness under oath, may be admitted, is open to considerable doubt, elementary writers and courts being about equally divided upon the subject. (*Bates v. Preble,* 14 Sup. Ct. Rep., 278.) For instances of admission of evidence of this nature and that it may be done in this state see *Labaree v. Klosterman,* 33 Neb., 150; *Carstens v. McDonald,* 38 Neb., 858; but it is the invariable rule that the memorandum must be identified. A proper foundation must be laid for its introduction. Nothing of the kind was done or attempted in the case at bar. The record discloses that the memorandum was produced and offered without any preliminary proof. This being true it was properly excluded. That the objection was too general cannot now avail, since there was a reason for which the evidence was properly excluded. (*Hurlbut v. Hall,* 39 Neb., 889.)

It is urged that the court erred in failing to instruct the jury respecting the rights of the parties respectively under the terms of the contract of lease. Under the issue as made by the pleadings, this question was immaterial. In the answer the plaintiff in error states that the goods were taken and sold by virtue of the authority conferred by the bill of sale, and the right to take possession and sell, under the lease, was not of the issues.

It is claimed the trial judge erred in refusing to give instruction designated "1st" requested by plaintiff in

error.   This instruction was in reference to an agreement which plaintiff in error asserted was made between the parties by which the stock of goods was to be disposed of at a private sale, and which, it was further contended, constituted a waiver of any right to have the sale advertised or made by public auction.   We do not think there was any evidence requiring the submission of this question of waiver to the jury, consequently it was not error to refuse the charge presented and requested to be given.

Under the assignment of "errors at law occurring at the trial and duly excepted to" the counsel argue as erroneous two rulings of the trial court in the admission of evidence.   This form of assignment in the petition in error was insufficient to raise the questions presented. Assignments in a petition in error, in regard to the admission of evidence, must be specific and point out the rulings of which complaint is made.

It is further urged that the verdict is contrary to the evidence.   A number of the facts were undisputed; as to others the evidence was conflicting, notably as to whether the bill of sale was in fact a security for the payment of a debt and in effect a mortgage, and on the subject of the value of the goods and fixtures; but on these, as on all other essential points, there was sufficient evidence to sustain the finding of the jury.   The judgment of the district court is

AFFIRMED.