## WILLIAM A. SAUNDERS v. EUGENE C. BATES.

### FILED MARCH 17, 1898.   No. 7828.

1. **Bill of Exceptions**: OBJECTIONS: LACHES: REVIEW. Objection to a bill of exceptions because it was not presented for examination and amendment in the statutory period, made for the first time in the appellate court nearly two years after filing transcript, and after service of briefs upon the merits by the party seeking the reversal, comes too late.

2. **Note**: POSSESSION: INDORSEMENT. Possession of a negotiable note, duly indorsed by the payee, creates a presumption of title thereto in the holder.

3. ———: CONSIDERATION. The note sued on was executed upon a sufficient consideration.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.   *Affirmed.*

*Saunders & Macfarland,* for plaintiff in error.

*Wright & Thomas, contra.* ·

NORVAL, J.

This was an action upon a promissory note, in which plaintiff below had judgment, and defendant has brought the record here for review.

We are asked to ignore the bill of exceptions on the ground that it was not prepared and served within fifteen days from the final adjournment of the term at which the judgment was obtained, no time, in addition to the statutory period, having been given by the trial court or the judge thereof for the preparation and settlement of the bill. It is true that the draft of the proposed bill was not submitted to plaintiff's counsel for examination and amendment within the time allowed by law, but when served upon such counsel it was received by them without objection, and they held the same for more than ten days, returning the proposed bill to defendant without the suggestion of objections or amendments. The

18

objection to the bill will not be considered, since it was raised for the first time in this court after the cause had been pending herein nearly two years and subsequent to the preparation, service, and filing of briefs by the defendant below. (*Nash v. Costello,* 50 Neb. 325; *Thompson v. Missouri P. R. Co.,* 50 Neb. 329.)

It is argued that the evidence is insufficient to sustain the finding and judgment, for two reasons: First—The plaintiff is not the owner of the note in suit. Second— There was no consideration for the giving of the instrument. The note in dispute was payable to the order of Charles E. Bates, and contains the following indorsements on the back thereof:

"Payable to the order of The Bates-Smith Investment Company.                                CHAS. E. BATES.
        "THE BATES-SMITH INVESTMENT COMPANY,
                "By E. C. BATES, *Sec. and Treas.*"

The proofs show that said indorsements were genuine, and that the note containing them was produced by plaintiff on the trial, and by him introduced in evidence. The production of the instrument bearing the indorsements of the payee and indorsee is sufficient to raise the presumption that the holder is the owner of the note. (*McDonald v. Aufdengarten,* 40 Neb. 41; *City Nat. Bank of Hastings v. Thomas,* 46 Neb. 861; See Lawson, Presumptive Evidence 77; 1 Daniel, Negotiable Instruments sec. 558; *Champion Empire Mining Co. v. Bird,* 7 Colo. App. 523; *Citizens Nat. Bank v. Wintler,* 14 Wash. 558; *Bank of California v. Mott Iron Works,* 113 Cal. 409; *Palmer v. Nassau Bank,* 78 Ill. 380.) The record before us contains no evidence to overcome the presumption of ownership arising from the possession of the paper.

As to the question of consideration for the note sued on, the facts are briefly these: Mr. Saunders, in December, 1890, borrowed a certain sum of money from one John H. Bassett, for which he gave the latter his promissory note secured by a real estate mortgage. The date for payment

State v. Bowen.

of the debt was extended from time to time by the maker giving renewal notes, the one in suit being the last of such several renewals. The original note and mortgage were never surrendered to Mr. Saunders, but were held and retained by plaintiff as collateral security to each renewal note, to be surrendered to defendant upon the payment of the note sued on. The original loan was sufficient consideration for the last note, and the original note being past due and in the possession of the plaintiff below, defendant is fully protected against a recovery thereon. No reversible error appearing in the record, the judgment is

AFFIRMED.