# Kern *v*. Cox.

## *Detinue.*

(Decided April 21, 1910.   52 South. 401.)

1. *Trial; Evidence; Objection.*—If the evidence offered is admissible for any purpose, a general objection thereto is insufficient if the objection is overruled; but where the objection is sustained the court will not be placed in error if the evidence was inadmissible for any purpose, unless it be some special objection, such as failure to offer proof of the proper execution of an instrument offered, etc.

2. *Appeal and Error; Harmless Error; Evidence.*—In detinue where the defendant claimed the goods as a buyer from a third person, and there was nothing to raise a conflict in the evidence that such third person was claiming the goods as his own, it was not prejudicial error to exclude a mortgage of the goods executed by such third person offered as a declaration by him.

640        SUPREME COURT        [Vol.

[Kern v. Cox.]

3. *Sale; Title Acquired.*—Where one buys chattels from another who had bought them from a former owner without paying the purchase price the last purchaser acquires title as against the original owner.

4. *Charge of Court; Undue Prominence to Evidence.*—Where a defendant claimed that plaintiff had sold the chattels sought to be recovered in detinue to a third person and such person had sold them to defendant and plaintiff claimed that the chattels were not sold, a charge asserting that if the third person had possession of the chattels for several months, the jury might look to that fact in determining whether or not plaintiff sold the same to him, gave undue prominence to a part of the evidence, and its refusal was proper.

APPEAL from Butler Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by A. C. Cox against J. S. Kern. There was a judgment for plaintiff, and defendant appeals. Reversed and remanded.

The facts sufficiently appear in the opinion of the court. The following charges were refused to the defendant: "(A) The court charges the jury that, if they believe from the evidence that Cox sold Hindman a mule, then you must find for the defendant, although you may believe from the evidence that Hindman has never paid Cox for the mule. (B) The court charges the jury that they may look to the facts that Hindman had possession of the mule from February until the last day of April, 1908, in determining whether or not Cox sold the mule to Hindman."

POWELL, HAMILTON & LANE, for appellant. The court erred in refusing to permit the defendant to introduce the mortgage from E. A. Hindman to the Butler County Bank.—*Humes v. O'Brien,* 74 Ala. 79; *Daffron v. Crump,* 69 Ala. 77; *Dothard v. Denson,* 72 Ala. 544; *Drum v. Harrison,* 83 Ala. 348. The court erred in refusing the charges requested.—*Fale v. McArthur,* 31 Ala. 26; *Humes v. O'Brien, supra.*

L. M. LANE, for appellee. When the trial court sustains a general objection, the presumption is that the ruling is based upon the right grounds.—9 Enc. of Evi. 67. The defendant could not set up an outstanding title in another without connecting himself with it.— *Hall v. Chapman*, 35 Ala. 553; 3 Mayf. 53. Where parts of evidence are legal and admissible and parts are illegal and inadmissible, the court will not be put in error for not assorting the legal from the illegal and may reject the whole.—*Murphy v. The State*, 108 Ala. 10. Charge A was misleading and properly refused.— *Southern Ry v. Lynn*, 128 Ala. 297. Charge B singled out* and gave undue prominence to particularities.— *L. & N. v. Jones*, 130 Ala. 456; *O'Neal v. Curry*, 134 Ala. 216.

SIMPSON, J.—This is an action of detinue, by the appellee against the appellant, for a mule. The evidence on the part of the plaintiff tended to show that the plaintiff had agreed to sell the mule in question to E. A. Hindman in February, 1908, for $175, and said mule was delivered to Hindman under an agreement that, if he liked it and it matched another mule which he had, he (Hindman) would pay $175 therefor, but, if not he would return it to the plaintiff; also that, before Hindman traded the mule off, he informed plaintiff that it did not suit him, and it was agreed that, as soon as Hindman finished hauling some guano, he would deliver it back to the plaintiff.

The evidence of the defendant tended to show that, on the 20th day of April, 1908, he bought the mule in controversy from said Hindman, paid him $100 for it, and took possession of it; that he did not ask Hindman from whom he had gotten the mule, but that Hindman told him that it was his mule. A witness—Johnson, a

liveryman—testified for the defendant that, several weeks after Hindman took possession of the mule, Hindman had offered to sell the mule to him for $275, and that Cox, the plaintiff, told him that Hindman had not paid that much for the mule, and that, while he did not tell Cox that Hindman had offered to sell him the mule, he had a talk with Cox, who said that he had sold the mule to Hindman, who was to pay him $175 for it. He testified, later on, that Hindman wanted $275 for the mule, and Cox said Hindman knew it was not worth that, and was to pay him only $175 for it. The plaintiff denied the conversation as related by Johnson, but said that he had told him merely that Hindman had the mule on trial, and that if he liked it he was to pay $175 for it.

The defendant offered in evidence a mortgage, signed by E. A. Hindman, dated March 10, 1908, conveying, in connection with other personal property, a mule answering to the description of the mule sued for. The plaintiff objected, "upon the ground that it was illegal and irrelevant," and the court sustained the objection. This mortgage was res inter alios acta, and inadmissible, unless for some specific purpose, and the appellant insists that it was admissible for the purpose of showing the declaration of Hindman, while in possession of the property, that it was his. Whether it could be admissible for that purpose or not we do not decide; but, if the defendant desired to have it admitted for a qualified purpose, he should have so stated to the court, and the court cannot be placed in error for excluding the evidence.

The appellant cites a number of cases, all relating to overruling general objections to testimony, to the effect that a general objection to the testimony is insufficient, if the evidence offered is admissible for any purpose,

which is a correct principle where the objection is over-ruled; but, where the objection is sustained, the rule is to the contrary, to wit, that the court will not be placed in error if the evidence was inadmissible for any pur-pose, unless it be some special objection which might have been corrected if called to the attention of the court, such as failure to offer proof of the proper exe-cution of an instrument offered.—*Hurlburt v. Hall,* 39 Neb. 889, 58 N. W. 538, 540 (first column); *Imhoff v. Richards,* 48 Neb. 590, 67 N. W. 483, 485 (first col-umn); *Davey v. So. Pac. Co.,* 116 Cal. 325, 48 Pac. 117. At any rate, no injury could occur to the defendant, as there was no conflict in the evidence to the effect that Hindman was claiming the property as his own by sell-ing it.

Charge A, requested by the defendant, should have been given. The contention of the plaintiff was that the mule was not sold, and that of the defendant, was that plaintiff had sold the mule, merely leaving an in-debtedness to plaintiff for the purchase money. If the latter was true, the title to the mule had passed, and defendant would be entitled to a verdict.

Charge B was properly refused, as giving undue prominence to a part of the evidence.—*L. & N. R. R. Co. v. Jones,* 130 Ala. 456, 30 South. 586; *Southern Railway Co. v. Reaves,* 129 Ala. 457, 29 South. 594; *Pearson v. Adams,* 129 Ala. 157, 29 South. 977; *Decatur Car Wheel Co. v. Mehaffey,* 128 Ala. 242, 29 South. 646; *O'Neal v. Curry,* 134 Ala. 216, 32 South. 697.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.