MANLEY STATE BANK, APPELLANT, v. FRANK J. SPANGLER ET AL., APPELLEES.

FILED JANUARY 10, 1936. No. 29378.

*Dwyer & Dwyer,* for appellant.

*W. A. Robertson, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY and CARTER, JJ., and MUNDAY, District Judge.

MUNDAY, District Judge.

The Manley State Bank of Manley, Nebraska, sought to recover judgment against the defendants, Frank J. Spangler, Chas. Ward and H. J. Livingston, on a contract of guaranty for the payment of a promissory note of one Cyrus Livingston, which contract of guaranty was indorsed on the back of said note. The note was dated March 28, 1933, and was for the sum of $2,000.

In answer to the plaintiff's petition, the defendants allege that the signatures of the defendants to said alleged contract of guaranty were obtained by the plaintiff long after plaintiff had procured the note; that there was no consideration paid the defendants or any of them, either directly or indirectly, for signing said guaranty; that said note was the property of said bank, and the extension of credit thereon having been given long prior to the signing of the guaranty by the defendants and each of them, therefore the guaranty is null and void. In reply the plaintiff alleged that the note sued on is a renewal of the original notes that had been renewed from time to time and that the defendants have paid interest thereon, and at the time of execution of said note by Cyrus Livingston the defendants herein signed said guaranty and delivered the same to the plaintiff and denied said note was without consideration.

After plaintiff introduced its evidence and rested, the defendants moved for a directed verdict. The motion was

sustained by the court. From a dismissal of the action, plaintiff appeals.

Exhibit 1 is the note in suit on which the guaranty is indorsed, and exhibit 2 is the last renewal note given before exhibit 1 was executed. Exhibit 2 was executed October 17, 1931.

There is some contention by the parties as to whether or not the defendants by their answer admit the execution and delivery of the note and the contract of guaranty. The answer is in the nature of a confession and avoidance, and admits the truth of such matters in seeking to avoid their legal effect. *Nason v. Nason, supra; Miller v. Drainage District*, 112 Neb. 206, 199 N. W. 28; Comp. St. 1929, sec. 62-111.

Therefore, the execution and delivery of the contract of guaranty and note were admitted for the purposes of this trial. As stated, the defendants allege there was no consideration for the contract of guaranty, as the signatures of the defendants were secured by plaintiff long after the plaintiff procured the note alleged to be secured by the guaranty, and that said note was the property of plaintiff, and that plaintiff had extended the note prior to the signing of the guaranty. There is no issue made by the pleadings of a conditional delivery of the note alleged to have been indemnified. The plaintiff by timely objections endeavored to keep the question of conditional delivery of the note out of the trial, but was overruled by the court.

The court in sustaining the motion indicated that he did so because it appeared to be the agreement between the parties that exhibit 2 would not be surrendered until the interest on exhibit 2 was paid, and that this agreement was never consummated by the payment of interest and the cancelation and surrender of exhibit 2, and that exhibit 1 never became a completed contract, and for the further reason that exhibit 2 was still a valid instrument and not displaced in any manner by exhibit 1.

Although there was no conditional delivery of the note or contract of guaranty raised by the pleadings, yet since

the trial court admitted evidence on cross-examination on this issue and apparently considered such evidence as a reason for directing the verdict, we will consider this and the other reasons assigned for sustaining the decree of the district court.

The defendants borrowed $3,500 of plaintiff in 1926 and this was evidenced by two notes of $1,750 each, and the money was paid to the defendant "Chas. Ward, Treas.," by a draft; these notes were renewed in 1927 and were signed by all of the parties; in 1928 each of said $1,750 notes was reduced by a $750 payment on the principal of each; and, also, in 1928 a new note of $2,000 was given for the total balance due on both notes and interest was paid by the parties; this $2,000 note was renewed on January 22, 1930, and this last note in turn again renewed on October 17, 1931, and lastly the note in suit was executed, being dated March 28, 1933.

The notes made in 1926 and 1927 were signed by all of the parties. After that, one signed on the face and others signed as sureties or guarantors on the back of each note. However, one note was not signed by the defendant Ward as guarantor, but there is no question about his obligation on the original indebtedness for which the other notes were given in renewal.

The guaranty found on part of the notes was apparently placed there at suggestion of a bank examiner. This was done because some of the parties were individual borrowers at the plaintiff bank and thus the individual liability would not exceed the amount the bank could loan to each.

Was the note in suit delivered on condition? The plaintiff proved the signature on the note and the signatures on the contract of guaranty and introduced both in evidence. Defendants then brought out on cross-examination of plaintiff's cashier, over the objections of plaintiff, some testimony relating to the conditional delivery of the note. This was not proper cross-examination. While a violation of the strict rule of cross-examination will not be considered ground for reversal unless it clearly results in

prejudice to the substantial rights of the party complaining,. yet a violation of the rule is very material in a case where testimony is elicited, over objecton of the other party, on an issue not made by the pleadings. Such cross-examination is especially material when the evidence brought out by such cross-examination is given as a reason for an instructed verdict and dismissal of the plaintiff's petition. Chief Justice Goss puts it well in *Brooks v. Thayer County, supra*:

"In this state the strict rule of cross-examination has been approved. *Atwood v. Marshall,* 52 Neb. 173; *Davis v. Neligh,* 7 Neb. 84; *Boggs v. Thompson,* 13 Neb. 403; *Hurlbut v. Hall,* 39 Neb. 889; *Easton v. Snyder-Trimble Co.,* 94 Neb. 18; *Owens v. Omaha & C. B. Street R. Co.,* 99 Neb. 364. But 'The scope of the cross-examination of a witness rests largely in the trial court, and its ruling will be upheld, unless an abuse of discretion is shown.' *Peterson v. State,* 63 Neb. 251; *Goemann v. State,* 100 Neb. 772. 'Although a witness is cross-examined as to matters not brought out on the direct examination, the judgment will not be reversed when it plainly appears that no prejudice could have resulted.' 28 R. C. L. 605, sec. 195. This same result is commanded by our section on civil procedure, providing that the court must disregard any error in the proceedings, and may not reverse any judgment on account thereof, unless it affects the substantial rights of a party. Comp. St. 1929, sec. 20-853. So the question to be answered on this point is whether the admission of this testimony on cross-examination affected plaintiff's substantial rights or, in other words, was prejudicial to him."

However, we are not reversing this case for this violation of the rule of cross-examination. Our study of the record convinces us that there was no such conditional delivery of exhibit 1. William J. Rau, cashier of the plaintiff, testified on cross-examination and redirect: "Q. What did you deliver to Cyrus Livingston when he signed the original note, this exhibit 1? A. I didn't deliver anything. * * * A. No, sir; the transaction was, they were to pay the interest up to date when the new note was made and they

didn't do it, so when they come in later on I asked these boys if they weren't going to pay this interest in cash, as I would have to have the note to show there was interest due at that time there when they gave the note for $240 and that wasn't completed, through the fault and neglect of the borrowers who agreed to do it. Q. The balance of interest on that note (ex. 2) is still unpaid? A. Yes, sir; the interest from June 20, 1931, is still unpaid and was to be paid in cash. They agreed to do it. Q. They agreed to raise the money and after they got the renewal note they never came in with the cash but finally they signed this exhibit 7? A. Well, when they didn't come in with the cash, I told them I would have to have something to show there was interest due and as they came in—I remember Mr. Harrison Livingston and Mr. Spangler both came in and signed the note on the back." This testimony of the cashier is not disputed. The evidence does not show that the note, exhibit 1, was not to become a binding contract until the interest was paid on exhibit 2, or a note given for the amount of the interest, or until exhibit 2 was canceled and surrendered. In determining whether the plaintiff had a right to have the case submitted to the jury, it is entitled to have every controverted question of fact resolved in its favor and to have the benefit of every reasonable inference that can be reasonably deduced from the facts and evidence adduced at the trial. *Schmelzel v. Leecy*, 104 Neb. 672, 178 N. W. 267; *Thamann v. Merritt, supra.*

Thus, under this rule, in this case the jury might have properly found from the evidence adduced: That the defendants and Cyrus Livingston borrowed money from the plaintiff in 1926 and evidenced the same by notes and renewal notes from time to time since that time; that Cyrus Livingston executed and delivered exhibit 1 as a renewal of a former note, exhibit 2, and the defendants signed exhibit 1 as guarantors and that there was a valid consideration for exhibit 1; that exhibit 1 was by agreement given as a renewal note for an extension of the time of payment of the principal of exhibit 2; that at the same time exhibit 1 was executed the parties agreed that, if plaintiff would extend the time of payment of principal

of exhibit 2 by accepting exhibit 1 therefor, the defendants and Cyrus Livingston would pay plaintiff the interest due on exhibit 2 in the sum of $240 in cash; that, after exhibit 1 was so executed and delivered and extension of time was given on the principal of exhibit 2 by the plaintiff, they failed to pay the interest on exhibit 2, but later promised to execute and deliver a promissory note for said interest which note was never completed; that exhibit 1 has not been paid.

This court in *Home Savings Bank v. Shallenberger*, 95 Neb. 593, 146 N. W. 993, said in the second paragraph of the syllabus: "The extension of time of payment to a principal debtor is a sufficient consideration to support a new contract of guaranty made after the date of the renewal of such obligation, especially when the guarantor at the time of making such guaranty is still liable as guarantor for the payment of the debt renewed."

In *Saunders v. Bates*, 54 Neb. 209, 74 N. W. 578, the following language is used: "As to the question of consideration for the note sued on, the facts are briefly these: Mr. Saunders, in December, 1890, borrowed a certain sum of money from one John H. Bassett, for which he gave the latter his promissory note secured by a real estate mortgage. The date for payment of the debt was extended from time to time by the maker giving renewal notes, the one in suit being the last of such renewals. The original note and mortgage were never surrendered to Mr. Saunders, but were held and retained by plaintiff as collateral security to each renewal note, to be surrendered to defendant upon the payment of the note sued on. The original loan was sufficient consideration for the last note, and the original note being past due and in the possession of the plaintiff below, defendant is fully protected against a recovery thereon."

The original loan to the defendants in 1926 was sufficient consideration for exhibit 1, and exhibit 2 is now in the possession of the plaintiff, and the defendants are protected against a recovery thereon.

The evidence adduced by plaintiff was sufficient to make a *prima facie* case in favor of the plaintiff and against the defendants. We think the trial court erred in dismissing the plaintiff's petition, and the judgment is reversed and a new trial ordered.

REVERSED AND REMANDED.